UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

RIO MAR ASSOCIATES, L.P., S.E., a
Delaware Limited Partnership, d/b/a THE WESTIN
RIO MAR BEACH RESORT,

Civ. Action No. 07 CIV 8227

**COMPLAINT**

Plaintiff,

-against-

MIXSHOW POWER SUMMIT, INC., a
New York corporation; THE POWER SUMMIT,
INC., a New York corporation; RPM MARKETING
& PROMOTIONS, INC., a New York corporation;
and RENE McLEAN, a New York resident,


Defendants.

_____ x

Plaintiff RIO MAR ASSOCIATES, L.P., S.E., doing business as THE WESTIN

RIO MAR BEACH RESORT, through its attorneys, alleges as follows:

<u>JURISDICTION</u>

1.     Plaintiff RIO MAR ASSOCIATES, L.P., S.E., doing business as THE WESTIN

RIO MAR BEACH RESORT ("the Resort"), is a Delaware limited partnership in the business of

operating a conference resort in Rio Mar, Puerto Rico.

2.     Upon information and belief, Defendant MIXSHOW POWER SUMMIT, INC.

("Mixshow") is a New York corporation, with its principal place of business at 400 W. 43rd Street,

Apartment 7S, in New York, New York.

3.     Defendant THE POWER SUMMIT, INC. ("The Power Summit") is a New York

corporation, with its former principal place of business at 665 Broadway, Suite 801, in New York,

New York, and its current principal place of business at 33 W. 19th Street, in New York, New

York.

4.      Defendant RPM MARKETING AND PROMOTIONS, INC. ("RPM") is a New York corporation, with its former principal place of business at 665 Broadway, Suite 801, in New York, New York, and its current principal place of business at 33 W. 19th Street, in New York, New York.

5.      Defendant RENE MCLEAN ("McLean") is a New York resident, residing at 400 W. 43rd Street, Apartment 7S, in New York, New York.

6.      Personal jurisdiction is proper in the Southern District of New York because all Defendants are residents of the city of New York and the state of New York.

7.      The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, and Plaintiff and defendants are citizens of different states.

8.      Subject matter jurisdiction is proper in the U.S. District Court, because district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. §1332.

VENUE

9.      Venue is proper in the Southern District of New York, because the Southern District of New York is the district in which all Defendants reside, and all Defendants reside in the same state. 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

10.    Upon information and belief, in 1998, Defendants Mixshow, McLean and/or RPM began holding an annual urban music conference at hotels and resorts located in the Caribbean islands.

11.    Defendant McLean is the sole officer, employee, and owner of Defendant Mixshow.

12.    In June 2002, Mixshow and the Resort entered into a contract signed by Defendant McLean, under which Mixshow, McLean, and/or RPM agreed to hold, and subsequently did hold, an event at the Resort called the "Mixshow Power Summit" in September 2003.

13.    The entire business of Mixshow was to hold an annual urban music conference at hotels and resorts located in the Caribbean islands.  From 1998 to 2003, this conference was called "Mixshow Power Summit."

14.    Upon information and belief, Mixshow operated as a mere instrumentality and alter ego of Defendants McLean and/or RPM.

15.    At the conclusion of Mixshow's event in September 2003, Mixshow left an outstanding unpaid balance to the Resort in the amount of $151,200.61 for facilities and services provided.  Mixshow failed and refused to pay the amount owed.

16.    On May 18, 2004, the Resort filed suit against Defendant Mixshow in the Court of First Instance in the Commonwealth of Puerto Rico, for breach of contract.

17.    On June 1, 2004, Defendant THE POWER SUMMIT, INC. was formed and registered as a New York corporation by Defendant McLean.

18.    Upon information and belief, in 2004 the name of the annual urban music conference at hotels and resorts located in the Caribbean islands was changed from the "Mixshow Power

Summit" to the "Power Summit."

19.    Upon information and belief, in 2004 Defendants McLean and/or RPM ceased operations under the name "Mixshow Power Summit, Inc." and began the same operations under the name "The Power Summit, Inc."

20.    In the alternative, in 2004 Mixshow Power Summit, Inc. ceased operations and transferred the entire business of Mixshow to Defendant The Power Summit, Inc., without fair consideration and with actual intent to hinder, delay, and/or defraud its creditors.

21.    Mixshow originally appeared in the Puerto Rico action by filing an Answer to the Complaint on December 27, 2004, but failed to participate further in the proceedings.

22.    Upon motion, default was entered by the Puerto Rican court on July 21, 2005 against Mixshow, following Mixshow's failure to appear to further appear in the proceedings.

23.    On October 25, 2005, a judgment was entered in Case No. KAC2004-3295 in the Puerto Rican court in favor of the Resort and against Mixshow in the total amount of $167,868.36 ($151,200.61 in principal + $16,667.75 in attorneys fees), plus interest at the rate of seven percent (7%) per annum running from October 28, 2003.

24.    On July 13, 2006, a duly authenticated copy of the Puerto Rican judgment in favor of the Resort and against Mixshow was filed in the Office of the Clerk of New York County, New York, pursuant to the provisions of C.P.L.R. §5402.

25.    Despite demand for payment, the Puerto Rican judgment remains wholly unsatisfied.

26.    The annual urban music conference at hotels and resorts located in the Caribbean islands now called the "Power Summit" continues to operate.  The website owned and operated by Defendant Power Summit, www.thepowersummit.com, advertises "the 10th annual Power Summit"

to be held in the Dominican Republic October 10-14, 2007.

## FOR A FIRST CLAIM AGAINST DEFENDANT
## THE POWER SUMMIT, INC.
### (Successor Liability)

27.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

28.    Upon information and belief, Defendant Mixshow in 2004 ceased operations and transferred its entire business to Defendant The Power Summit, without consideration and with actual intent to hinder, delay, and/or defraud its creditors.

29.    Upon information and belief, the sole business of Defendant The Power Summit is a mere continuation of the sole business of Defendant Mixshow – the hosting of an annual urban music conference at hotels and resorts located in the Carribean Islands.

30.    In the alternative, upon information and belief Defendants Mixshow and The Power Summit engaged in a de facto merger of operations subsequent to Mixshow's accrual of debt to the Resort.

31.    Defendant McLean is the sole officer, employee, and owner of Defendant Mixshow, and is the principal owner and officer of Defendant The Power Summit.

32.    Because the business of Defendant The Power Summit is mere continuation of the business of Mixshow, and/or because Mixshow and The Power Summit engaged in a de facto merger, Defendant The Power Summit has incurred successor liability for the judgment against Mixshow Power Summit, Inc.

WHEREFORE, Plaintiff requests the following relief:

a.    That the Court enter judgment against Defendant The Power Summit, Inc. for the amount of the judgment entered against Defendant Mixshow under Index No. 06/109748, in the principal sum of $167,868.36, plus interest at seven percent (7%) per annum from October 28, 2003 until paid in full;

b.    That the Court void any transfers from Defendant Mixshow to Defendant The Power Summit and allow Plaintiff to execute its judgment against Defendant Mixshow on any and all assets that were transferred from Mixshow to The Power Summit, including any assets obtained as a result of the fraudulent transactions; and

c.    For such other further relief that the Court deems just and proper.

### FOR A SECOND CLAIM AGAINST DEFENDANT RENE MCLEAN and RPM MARKETING & PROMOTIONS, INC.
(Piercing the Corporate Veil)

33.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

34.    Defendant McLean is the sole officer, employee, owner, and/or shareholder of Defendant Mixshow.

35.    The "offices" and "business address" of Defendant Mixshow are the apartment of Defendant McLean, 400 W. 43rd Street, Suite 7S, New York, New York.

36.    Upon information and belief, Defendant Mixshow was grossly undercapitalized at its inception, and its assets were unreasonably small in proportion to its obligations.

37.    Upon information and belief, Defendant Mixshow observed no corporate formalities and paid no dividends.

38.    Upon information and belief, Defendant Mixshow has failed to file any tax returns for

the years 2002 to the present.

39.    Upon information and belief, Defendant McLean treated the assets of Defendant as if they were their own.

40.    Defendant Mixshow was so dominated by Defendant McLean, and the separate entity of Defendant Mixshow was so ignored, that Defendant Mixshow primarily transacted the business of Defendant McLean instead of its own, and therefore is a mere instrumentality and alter ego of Defendant McLean.

41.    In the alternative, the sole business of Defendant Mixshow – the annual urban music conference at hotels and resorts located in the Caribbean islands – was and continues to be conducted by Defendant RPM, and therefore Defendant Mixshow is a mere instrumentality and alter ego of Defendant RPM.

42.    As a matter of equity, Plaintiff is entitled to pierce the corporate veil of Defendant Mixshow, and reach the assets of Defendants McLean and/or RPM to satisfy its judgment obtained against judgment debtor Mixshow.

WHEREFORE, Plaintiff requests the following relief:

a.    That the Court enter judgment against Defendant Rene McLean for the amount of the judgment entered against Defendant Mixshow under Index No. 06/109748, in the principal sum of $167,868.36, plus interest at seven percent (7%) per annum from October 28, 2003 until paid in full;

b.    In the alternative, that the Court enter judgment against Defendant RPM Marketing & Promotions, Inc. for the amount of the judgment entered against Defendant Mixshow under Index No. 06/109748, in the principal sum of $167,868.36, plus

interest at seven percent (7%) per annum from October 28, 2003 until paid in full;

and

c.    For such other further relief that the Court deems just and proper.


## FOR A THIRD CLAIM AGAINST DEFENDANTS
## MIXSHOW POWER SUMMIT, INC., THE POWER SUMMIT, INC., AND RENE MCLEAN
### (Fraudulent transfer under NY DCL §273)

43.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

44.    Upon information and belief, Defendant Mixshow in 2004 ceased operations and transferred its entire business to Defendant The Power Summit, without fair consideration.

45.    Defendant McLean is the sole officer, employee, and/or owner of Defendant Mixshow, and is the principal owner and officer of Defendant The Power Summit.

46.    Upon information and belief, before Defendant Mixshow ceased operations in 2004, Defendants McLean and Mixshow transferred its customer list and other assets to Defendant The Power Summit without fair consideration.

47.    Upon information and belief, Defendants McLean and Mixshow transferred the website, www.mixshowpowersummit.com to Defendant The Power Summit without fair consideration.

48.    Upon information and belief, Defendant Mixshow was insolvent at the time of these transfers, or in the alternative, was rendered insolvent by these transfers, because the present fair salable value of its assets was less than the amount it was required to pay on existing debts.

WHEREFORE, Plaintiff requests the following relief under New York D.C.L. §273:

a.      That the Court void any and all transfers from Defendant Mixshow to Defendant The

Power Summit as fraudulent;

b.      That the Court allow Plaintiff to execute its judgment against Mixshow on any and all

assets that were transferred from Mixshow to Defendants The Power Summit and/or

Rene McLean, including any assets obtained as a result of the fraudulent transactions;

and

c.      For such other further relief as the Court may deem just and proper.

## FOR A FOURTH CLAIM AGAINST DEFENDANTS
## MIXSHOW POWER SUMMIT, INC., THE POWER SUMMIT, INC., AND RENE MCLEAN
(Fraudulent transfer under NY DCL §273-a)

49.     Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

50.     Upon information and belief, Defendant Mixshow in 2004 ceased operations and

transferred its entire business to Defendant The Power Summit, without fair consideration.

51.     Defendant McLean is the sole officer, employee, and/or owner of Defendant Mixshow,

and is the principal owner and officer of Defendant The Power Summit.

52.     Upon information and belief, before Defendant Mixshow ceased operations in 2004,

Defendants McLean and Mixshow transferred its customer list and other assets to Defendant The

Power Summit without fair consideration.

53.     Upon information and belief, Defendants McLean and Mixshow transferred the

website, www.mixshowpowersummit.com to Defendant The Power Summit without fair

consideration.

54.    At the time of these transfers, Defendant Mixshow was a defendant in an action for money damages, filed by Plaintiff on May 18, 2004.

WHEREFORE, Plaintiff requests the following relief under New York D.C.L. §273-a:

a.    That the Court void any and all transfers from Defendant Mixshow to Defendant The Power Summit as fraudulent;

b.    That the Court allow Plaintiff to execute its judgment against Mixshow on any and all assets that were transferred from Mixshow to Defendants The Power Summit and/or Rene McLean, including any assets obtained as a result of the fraudulent transactions; and

c.    For such other further relief as the Court may deem just and proper.

## FOR A FIFTH CLAIM AGAINST DEFENDANTS
## MIXSHOW POWER SUMMIT, INC., THE POWER SUMMIT, INC., AND RENE MCLEAN
(Fraudulent transfer under NY DCL §275)

55.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

56.    Upon information and belief, Defendant Mixshow in 2004 ceased operations and transferred its entire business to Defendant The Power Summit, without fair consideration.

57.    Defendant McLean is the sole officer, employee, and/or owner of Defendant Mixshow, and is the principal owner and officer of Defendant The Power Summit.

58.    Upon information and belief, before Defendant Mixshow ceased operations in 2004, Defendants McLean and Mixshow transferred its customer list and other assets to Defendant The Power Summit without fair consideration.

59.    Upon information and belief, Defendants McLean and Mixshow transferred the

website, www.mixshowpowersummit.com to Defendant The Power Summit without fair consideration.

60.    Upon information and belief, at the time of these transfers Defendants Mixshow and McLean believed and/or intended that it would incur debts beyond its ability to pay as the debts mature.

WHEREFORE, Plaintiff requests the following relief under New York D.C.L. §275:

a.    That the Court void any and all transfers from Defendant Mixshow to Defendant The Power Summit as fraudulent;

b.    That the Court allow Plaintiff to execute its judgment against Mixshow on any and all assets that were transferred from Mixshow to Defendants The Power Summit and/or Rene McLean, including any assets obtained as a result of the fraudulent transactions; and

c.    For such other further relief as the Court may deem just and proper.


FOR A SIXTH CLAIM AGAINST DEFENDANTS
SCIOPTIC, INC., SCIOPTIC INTERNATIONAL, LLC, AND DAVID AMAR
(Fraudulent transfer under NY DCL §276)

61.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

62.    Upon information and belief, Defendant Mixshow in 2004 ceased operations and transferred its entire business to Defendant The Power Summit with actual intent to hinder, delay, and/or defraud its present and future creditors.

63.    Defendant McLean is the sole officer, employee, and/or owner of Defendant Mixshow, and is the principal owner and officer of Defendant The Power Summit.

11

64.    Upon information and belief, before Defendant Mixshow ceased operations in 2004, Defendants McLean and Mixshow transferred its customer list and other assets to Defendant The Power Summit with actual intent to hinder, delay, and/or defraud its present and future creditors.

65.    Upon information and belief, Defendants McLean and Mixshow transferred the website, www.mixshowpowersummit.com to Defendant The Power Summit with actual intent to hinder, delay, and/or defraud its present and future creditors.

66.    Upon information and belief, Defendants Mixshow and McLean had actual knowledge of Plaintiff's creditors' claim against Defendant Mixshow at the time of the transfer to Defendant The Power Summit, and actual knowledge of Defendant Mixshow's inability to pay that claim.

67.    The transfer of business from Defendant Mixshow to Defendant The Power Summit constituted a secret, hasty transfer not in the usual course of business, with actual intent to hinder, delay, and/or defraud its present and future creditors.

WHEREFORE, Plaintiff requests the following relief under New York D.C.L. §276:

a.    That the Court void any and all transfers from Defendant Mixshow to Defendant The Power Summit as fraudulent;

b.    That the Court allow Plaintiff to execute its judgment against Mixshow on any and all assets that were transferred from Mixshow to Defendants The Power Summit and/or Rene McLean, including any assets obtained as a result of the fraudulent transactions;

c.    Reasonable attorneys fees and costs associated with this action; and

d.    For such other further relief as the Court may deem just and proper.

DATED:    New York, New York
          August 29, 2007

                                   Respectfully submitted,


                                   RUDNER LAW OFFICES


                          By: _____
                                   David R. Teece
                                   (DT 5908)
                                   225 Broadway, Suite 3104
                                   New York, New York 10007
                                   Phone: (212) 233-4747
                                   Fax:   (212) 233-4848