File 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

RIO MAR ASSOCIATES, L.P., S.E., a                         Civ. Action No. 07 CV 8227
Delaware Limited Partnership, d/b/a THE WESTIN
RIO MAR BEACH RESORT,

**MOTION FOR ENTRY
OF DEFAULT JUDGMENT**

                              Plaintiff,

        -against-

MIXSHOW POWER SUMMIT, INC., a
New York corporation; THE POWER SUMMIT,
INC., a New York corporation; RPM MARKETING
& PROMOTIONS, INC., a New York corporation;
and RENE McLEAN, a New York resident,

                              Defendants.

———————————————————— x

        Comes now Plaintiff RIO MAR ASSOCIATES, L.P., S.E., doing business as THE

WESTIN RIO MAR BEACH RESORT, through its attorneys, and requests the Court, pursuant to

Fed. R. Civ. Pro. 55(b)(2) and L.R. 55.2, to enter a judgment by default against Defendants The

Power Summit, Inc. and Rene McLean.  Counts in the Complaint against remaining defendants

are hereby withdrawn.

        In support of this motion, Plaintiff relies upon the Clerk's Certificate of Default (attached

as Exhibit E); a copy of the claim to which no response has been made (Exhibit D); a proposed

form of default judgment;  Memorandum of Points and Authorities; and the Declaration of David

R. Teece (Exhibit A), all submitted herein.

                              Respectfully submitted,

                              Dq R. J.
                              ————————————————
                              David R. Teece
                              Attorney for Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES

I.    APPLICABLE LAW

Under Fed. R. of Civ. Pro. 55(a), when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk shall enter the party's default.  In cases where the claim includes other substantive relief other than payment of a sum certain, upon entry of default the party entitled to a judgment by default shall apply to the Court.  *See* Fed. R. Civ. Pro. 55(b)(2); Local Rule 55.2.

Default judgment entered on well-pleaded allegations of a complaint establishes a defendant's liability.  *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 103 F.3d 105, 108 (2d Cir. 1997).  Where the court determines that a defendant is in default, the factual allegations of the complaint, except those relating tho the amount of damages, will be taken as true.  *See Chen v. Jenna Lane, Inc.*, 30 F.Supp.2d 622, 623 (S.D.N.Y. 1998).  Once a court determines that default should be entered, it then is left only to determine the amount and character of the recovery that should be awarded.  *See id.*

II.    BACKGROUND

Plaintiff  RIO MAR ASSOCIATES, L.P., S.E., doing business as THE WESTIN RIO MAR BEACH RESORT ("the Resort"), is a Delaware limited partnership in the business of operating a conference resort in Rio Mar, Puerto Rico.  (Declaration of David Teece, ¶3, Exhibit A hereto)  Defendant THE POWER SUMMIT, INC. ("The Power Summit") is a New York corporation, with its principal place of business in the City of  New York, borough of Manhattan.  (Teece Decl., ¶4)  Defendant RENE MCLEAN ("McLean") is a New York resident, residing in

2

the City of New York, borough of Manhattan. (Teece Decl., ¶5)

In 1998, Defendant McLean, through a company called Mixshow Power Summit, Inc. ("Mixshow"), began holding an annual urban music conference at hotels and resorts located in the Caribbean islands. (Teece Decl., ¶6, Exh. A)  Defendant McLean is the sole officer, employee, and owner of Defendant "Mixshow."  (Teece Decl., ¶7)  In June 2002, Mixshow and the Resort entered into a contract signed by Defendant McLean, under which Mixshow and McLean agreed to hold, and subsequently did hold, an event at the Resort called the "Mixshow Power Summit" in September 2003. (Teece Decl., ¶8)

The entire business of Mixshow was to hold an annual urban music conference at hotels and resorts located in the Caribbean islands. (Teece Decl., ¶9, Exh. A)  From 1998 to 2003, this conference was called "Mixshow Power Summit." (Teece Decl., ¶10)  Upon information and belief, Mixshow operated as a mere instrumentality and alter ego of Defendant McLean.  (Teece Decl., ¶11)  At the conclusion of Mixshow's event in September 2003, Mixshow left an outstanding unpaid balance owed to the Resort in the amount of $151,200.61 for facilities and services provided.  Mixshow failed and refused to pay the amount owed.  (Teece Decl., ¶12)

On May 18, 2004, the Resort filed suit against Defendant Mixshow in the Court of First Instance in the Commonwealth of Puerto Rico, for breach of contract ("the Puerto Rico action"). (Teece Decl., ¶13, Exh. A)  On June 1, 2004, Defendant The Power Summit, Inc. was formed and registered as a New York corporation by McLean. (Teece Decl., ¶14)  In 2004 the name of the annual urban music conference at hotels and resorts located in the Caribbean islands was changed from the "Mixshow Power Summit" to the "Power Summit." (Teece Decl., ¶15)  Also in 2004, McLean ceased operations under the name "Mixshow Power Summit, Inc." and began the same

3

operations under the name "The Power Summit, Inc." (Teece Decl., ¶16)

Mixshow originally appeared in the Puerto Rico action by filing an Answer to the
Complaint on December 27, 2004, but failed to participate further in the proceedings. (Teece
Decl., ¶17, Exh. A)   Upon motion, default was entered by the Puerto Rican court on July 21,
2005 against Mixshow, following Mixshow's failure to appear to further appear in the
proceedings. (Teece Decl., ¶18)

On October 25, 2005, a judgment was entered in Case No. KAC2004-3295 in the Puerto
Rico action in favor of the Resort and against Mixshow in the total amount of $167,868.36
($151,200.61 in principal + $16,667.75 in attorneys fees), plus interest at the rate of seven percent
(7%) per annum running from October 28, 2003.  (10/25/05 judgment and certified translation,
Exhibit B hereto)   On July 13, 2006, a duly authenticated copy of the Puerto Rican judgment in
favor of the Resort and against Mixshow was filed in the Office of the Clerk of New York
County, New York, pursuant to the provisions of New York C.P.L.R. §5402 (7/13/07
Domesticated judgment, Exhibit C hereto).

III.    THE CURRENT ACTION

As part of post-judgment discovery on the judgment against Mixshow, on May 22, 2007,
Plaintiff's attorney conducted a deposition of Rene McLean regarding the finances, structure and
operations of Mixshow and its affiliated companies. (Teece Decl., ¶19, Exh. A)   Based upon
information obtained through this deposition and other sources, on September 20, 2007, Plaintiff
filed this action in the U.S. District Court against Mixshow, The Power Summit, McLean, and
another of McLean's companies, RPM Marketing & Promotions, Inc. ("RPM Marketing") (Teece

Decl., ¶20; 9/20/07 Complaint, Exh. D hereto) .

The Complaint contains six (6) claims: 1) Successor liability on the Mixshow judgment against The Power Summit; 2) Liability on the Mixshow judgment through piercing the corporate veil against McLean, or in the alternative, against RPM Marketing; 3) Fraudulent transfer under NY DCL §273 against Mixshow, McLean, and The Power Summit; 4) Fraudulent transfer under NY DCL §273-a against Mixshow, McLean, and The Power Summit; 5) Fraudulent transfer under NY DCL §275 against Mixshow, McLean, and The Power Summit; and 6) Fraudulent transfer under NY DCL §276 against Mixshow, McLean, and The Power Summit. (9/20/007 Complaint, Exh. D)

Copies of the summons and complaint was personally served pursuant to Fed. R. Civ. Pro. 5(b)(A)(i) on Rene McLean as an individual defendant, and as managing agent for Mixshow, The Power Summit, and RPM Marketing, on September 25, 2007.   (Certificates of Service, Exhibit E hereto)   No answer or responsive pleading was ever filed by any defendant. (Teece Decl., ¶21, Exh. A)

Pursuant to Fed. R. Civ. Pro. 12(a)(A), Defendants' time to answer or move with respect to the complaint expired on October 15, 2007. (Teece Decl., ¶22, Exh. A)  An application for a Certificate of Default was filed on October 17, 2007, and default was entered by the Clerk on October 18, 2007. (Teece Decl., ¶23; Certificate of Default, Exhibit E hereto) None of the defendants are infants, in the military, or an incompetent person.  (Teece Decl.,  ¶24)


IV.    RELIEF SOUGHT

Plaintiff's action seeks to enforce the judgment obtained in the Puerto Rico action in the

sum certain amount of $167,868.36, plus interest at the rate of seven percent (7%) per annum

running from October 28, 2003 against Defendants The Power Summit, Inc. and Rene McLean.

This plea for relief is contained in the first and second claims of the Complaint. (9/20/07

Complaint, Exh. D)   In order to simplify and expedite judgment, Plaintiff hereby withdraws all

claims against Defendants Mixshow and RPM Marketing,[1] as well the fraudulent transfer claims

(Claims 3-6) against all defendants.

As the allegations of the complaint are taken as true upon default, and as the liability of the

Defendants in default is established, *see Transatlantic Marine,* 103 F.3d at 108, the remaining

action for the Court is to determine the proper amount of recovery. *See Chen*, 30 F.Supp.2d at

623.  The judgment in the Puerto Rico action, along with its certified translation, conclusively

shows that the sum certain amount due in the preceding action is $167,868.36, plus interest at the

rate of seven percent (7%) per annum running from October 28, 2003.   (10/25/05 judgment and

certified translation, Exh. C)  The allegations of the Complaint, taken as true, establish liability for

the judgment in the preceding action through successor liability and piercing the corporate veil

against Defendants The Power Summit, Inc. and Rene McLean. (9/20/07 Complaint, Exh. D)


V.    UNDERLINE CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court enter a default

judgment against  defaulting Defendants The Power Summit, Inc. and Rene McLean in the sum

certain amount of $167,868.36, plus interest at the rate of seven percent (7%) per annum running

---

[1]   The claim against Defendant RPM Marketing is contained in the second claim for
liability through piercing the corporate veil, which was pled "in the alternative" to liability
against Defendant McLean.

from October 28, 2003 until paid in full.

DATED:    New York, New York
          October 19, 2007

Respectfully submitted,

RUDNER LAW OFFICES

By: _____
          David R. Teece
          (DT 5908)
          225 Broadway, Suite 3104
          New York, New York 10007
          Phone: (212) 233-4747
          Fax:    (212) 233-4848

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x

RIO MAR ASSOCIATES, L.P., S.E., a                    Civ. Action No. 07 CV 8227
Delaware Limited Partnership, d/b/a THE WESTIN
RIO MAR BEACH RESORT,

                                                     **DECLARATION OF**
                                                     **DAVID R. TEECE**

                              Plaintiff,

      -against-

MIXSHOW POWER SUMMIT, INC., a
New York corporation; THE POWER SUMMIT,
INC., a New York corporation; RPM MARKETING
& PROMOTIONS, INC., a New York corporation;
and RENE McLEAN, a New York resident,

                              Defendants.
_____ x

      I, DAVID R. TEECE, pursuant to U.S.C. §1746, state and declare the following:

      1.      My name is David R. Teece, and I make this declaration upon my own personal

knowledge.

      2.      I am the attorney for Plaintiff Rio Mar Associates, L.P., S.E., doing business as

The Westin Rio Mar Beach Resort, in Civ. Action No. 07 CV 8227.

      3.      Plaintiff  RIO MAR ASSOCIATES, L.P., S.E., doing business as THE WESTIN

RIO MAR BEACH RESORT ("the Resort"), is a Delaware limited partnership in the business of

operating a conference resort in Rio Mar, Puerto Rico.

      4.      Defendant THE POWER SUMMIT, INC. ("The Power Summit") is a New York

corporation, with its principal place of business in the City of New York, borough of Manhattan.

      5.      Defendant RENE MCLEAN ("McLean") is a New York resident, residing in the

City of New York,  borough of Manhattan.

6.    In 1998, Defendant McLean, through a company called Mixshow Power Summit, Inc. ("Mixshow"), began holding an annual urban music conference at hotels and resorts located in the Caribbean islands.

7.    Defendant McLean is the sole officer, employee, and owner of Defendant "Mixshow."

8.    In June 2002, Mixshow and the Resort entered into a contract signed by Defendant McLean, under which Mixshow and McLean agreed to hold, and subsequently did hold, an event at the Resort called the "Mixshow Power Summit" in September 2003.

9.    The entire business of Mixshow was to hold an annual urban music conference at hotels and resorts located in the Caribbean islands.

10.    From 1998 to 2003, this conference was called "Mixshow Power Summit."

11.    Upon information and belief, Mixshow operated as a mere instrumentality and alter ego of Defendant McLean.

12.    At the conclusion of Mixshow's event in September 2003, Mixshow left an outstanding unpaid balance owed to the Resort in the amount of $151,200.61 for facilities and services provided.  Mixshow failed and refused to pay the amount owed.

13.    On May 18, 2004, the Resort filed suit against Defendant Mixshow in the Court of First Instance in the Commonwealth of Puerto Rico, for breach of contract ("the Puerto Rico action").

14.    On June 1, 2004, Defendant The Power Summit, Inc. was formed and registered as a New York corporation by McLean.

15.    In 2004 the name of the annual urban music conference at hotels and resorts

2

located in the Caribbean islands was changed from the "Mixshow Power Summit" to the "Power Summit."

16.    Also in 2004, McLean ceased operations under the name "Mixshow Power Summit, Inc." and began the same operations under the name "The Power Summit, Inc."

17.    Mixshow originally appeared in the Puerto Rico action by filing an Answer to the Complaint on December 27, 2004, but failed to participate further in the proceedings.

18.    Upon motion, default was entered by the Puerto Rican court on July 21, 2005 against Mixshow, following Mixshow's failure to appear to further appear in the proceedings.

19.    As part of post-judgment discovery on the judgment against Mixshow, on May 22, 2007, Plaintiff's attorney conducted a deposition of Rene McLean regarding the finances, structure and operations of Mixshow and its affiliated companies.

20.    Based upon information obtained through this deposition and other sources, on September 20, 2007, Plaintiff filed this action in the U.S. District Court against Mixshow, The Power Summit, McLean, and another of McLean's companies, RPM Marketing & Promotions, Inc.

21.    Copies of the summons and complaint was personally served pursuant to Fed. R. Civ. Pro. 5(b)(A)(i) on Rene McLean as an individual defendant, and as managing agent for Mixshow, The Power Summit, and RPM Marketing, on September 25, 2007.  No answer or responsive pleading was ever filed by any defendant.

22.    Pursuant to Fed. R. Civ. Pro. 12(a)(A), Defendants' time to answer or move with respect to the complaint expired on October 15, 2007.

23.    An application for a Certificate of Default was filed on October 17, 2007, and

3

default was entered by the Clerk on October 18, 2007.

24.    None of the defendants are infants, in the military, or an incompetent person.

25.    The documents attached to Plaintiff's Motion for Entry of Default Judgment as Exhibits B, C, D and E are true and correct copies of documents kept by me in my office as part of my ordinary course of business.

**I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

EXECUTED THIS __19 th__ DAY OF OCTOBER, 2007

DAVID R. TEECE

4

# EXHIBIT B

_CERTIFIED TRANSLATION_                    OLGA M. ALICEA, USCCI

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN SUPERIOR COURT**

| | |
|---|---|
| RIO MAR ASSOCIATES, L.P., S.E. | CIVIL NO.: K AC2004-3295 |
| Plaintiff | COURTROOM 901 |
| v. | RE: BREACH OF CONTRACT AND |
| MIXSHOW POWER SUMMIT, INC. | COLLECTION OF MONIES |
| Defendants | |

**JUDGMENT**

HAVING seen the motion of plaintiff Rio Mar Associates, L.P., S.E., filed on July 21, 2005, the same is granted and, consequently, default is entered against defendant.

Pursuant to the holding in the case of _The Continental Insurance Company and Manuel F. Pou v. Isleta Marina, Inc., et al._, 106 D.P.R. 809 (1978), and on Rule 45 of Civil Procedure, the complaint is granted and judgment is entered ordering defendant to pay to plaintiff the sum of $151,200.61 plus interest at the prevailing legal rate of 7.00% _per annum_ as of October 28, 2003, until payment is made. Further, defendant is ordered to pay to plaintiff the costs and expenses incurred, plus the sum of $16,667.75 for attorneys' fees.

GIVEN in San Juan, Puerto Rico, today, October 25, 2005.

## CERTIFIED TRANSLATION

OLGA M. ALICEA, USCCI

BE IT REGISTERED AND NOTIFIED.

(Signed) Teresa Medina-Monteserin
SUPERIOR COURT JUDGE

TERESA MEDINA-MONTESERIN
SUPERIOR COURT JUDGE

I HEREBY CERTIFY:

Rebecca Rivera-Torres, Esq.
Regional Clerk

(Signed)

By:  **ELIA E. RAMOS-PÉREZ**
**Assistant Clerk**
Assistant Clerk

CERTIFICATION
I, OLGA M. ALICEA, AN ENGLISH-SPANISH INTERPRETER AND
TRANSLATOR CERTIFIED TO THAT EFFECT BY THE
ADMINISTRATIVE OFFICE OF THE U.S. COURTS AND BY THE
NATIONAL ASSOCIATION OF JUDICIARY INTERPRETERS &
TRANSLATORS, DO HEREBY CERTIFY THAT I HAVE PERSONALLY
TRANSLATED THE FOREGOING DOCUMENT FROM SPANISH TO
ENGLISH AND THAT THE TRANSLATION IS TRUE AND ACCURATE TO
THE BEST OF MY KNOWLEDGE AND ABILITIES.
CERTIFICATION APPLIES ONLY TO THE SIGNED ORIGINAL.

OLGA M. ALICEA, USCCI, NCJIT-S                    11/17/05
(USCCI NO. 98-005)                                DATE

PO BOX 19749, SAN JUAN, PUERTO RICO 00910-1749
TEL. 787-642-4777 / 787-282-5742
E-MAIL: OMALICEA@YAHOO.COM / OMALICEA@GMAIL.COM

TRANSLATION PAGE 2 OF 3

_CERTIFIED TRANSLATION_          Olga M. Alicea, uscci

AFFIDAVIT

I, Olga M. Alicea, of legal age, single, a Certified Interpreter and Translator, and resident of San Juan, Puerto Rico, do hereby declare:

1.    That my name and other personal circumstances are those indicated above.

2.    That I am a Certified Interpreter and Translator, certified to those effects by the Administrative Office of the United States Courts and by the National Association of Judiciary Interpreters and Translators, and in this capacity I personally translated from Spanish to English the foregoing document, titled "Judgment," dated October 25, 2005, in the case of <u>Rio Mar Associates, L.P., S.E. v. Mixshow Power Summit, Inc.</u>, Civil No. K AC2004-3295 (901), in the Court of First Instance of Puerto Rico, San Juan Superior Court.

3.    That the foregoing translation is a true and accurate translation to the best of my knowledge and abilities.

IN WITNESS WHEREOF, I swear to and sign this document, in San Juan, Puerto Rico, on November 18, 2005.

_____
Olga M. Alicea, uscci, ncjit-s

Affidavit No. _161_

Sworn to and subscribed before me by Olga M. Alicea, of the above-indicated personal circumstances, personally known to me.

In San Juan, Puerto Rico, on November 18, 2005.

_____
NOTARY PUBLIC

_TRANSLATION PAGE 3 OF 3_



**COMMONWEALTH OF PUERTO RICO**
**DEPARTMENT OF STATE**
**SAN JUAN, PUERTO RICO**

**CERTIFICATION**

*I,  CARMEN ELBA TORRES*, Director for the Certifications and Regulations Division of the Department of State of the Commonwealth of Puerto Rico, **DO HEREBY CERTIFY THAT:**

**REBECCA RIVERA TORRES**

*whose official certification appears on the attached document was, on the date of the same, according to the records of this Department,* **a Clerk of Court; General Court of Justice of Puerto Rico; San Juan Superior Court.**

**I DO FURTHER CERTIFY** *that her signature thereto affixed is genuine.*

**IN WITNESS WHEREOF**, *I have hereunto set my hand and affixed the Great Seal of the Commonwealth of Puerto Rico, in the City of San Juan, today,* **June 14, 2006.**

_____
**CARMEN ELBA TORRES**

**CORRECT CERTIFY:**

_____
**Authorized Officer**





**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN PART**

| | | |
|---|---|---|
| **RIO MAR ASSOCIATES, L.P., S.E.** | ) | **Civil Case No. KAC2004-3295** |
| **Doing business as Westin Rio Mar** | ) | |
| **Beach Resort** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| **vs.** | ) | |
| | ) | |
| **MIXSHOW POWER SUMMIT, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## EXEMPLIFICATION CERTIFICATE

I, Rebecca Rivera Torres, Clerk of the San Juan Superior Court for the Commonwealth of Puerto Rico, does hereby attest that I am the custodian of records of the said Court, and that the foregoing is a full, true, and correct copy of the original judgment entered October 25, 2005 in the matter titled <u>Rio Mar Associates, LP v. Mixshow Power Summit, Inc.</u>, <u>Civil No. K A C 2004-3295</u>, on file or of record in my office, and that I have carefully compared the same with the original.

All of which we have caused by these presents to be exemplified, and the seal of the San Juan Superior Court of the Commonwealth of Puerto Rico to be hereby affixed.

Executed at San Juan, Puerto Rico,

On April 27, 2006.

_Rebecca Rivera Torres_ (signature)
Rebecca Rivera Torres
Clerk of Court

I, _____, of the Department of State of the Commonwealth of Puerto Rico, do hereby certify that _____ is the Clerk of the San Juan Superior Court of the Commonwealth of Puerto Rico, that the signature of the foregoing exemplification certificate and attestation is the genuine signature of the said

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| RIO MAR ASSOCIATES, L.P. S.E., | CIVIL NÚM. K AC2004-3295 |
| Demandante | SALA 901 |
| vs. | SOBRE:   INCUMPLIMIENTO   DE |
| MIXSHOW POWER SUMMIT, INC., | CONTRATO Y COBRO DE DINERO |
| Demandados | |

SENTENCIA

VISTA la moción de la parte demandante, Rio Mar Associates, L.P. S.E.,
presentada el 21 de julio de 2005, se declara la misma con lugar, y por consiguiente se
anota la rebeldía a la parte demandada.

A tenor con lo expuesto en el caso de The Continental Insurance Company y
Manuel F. Pou vs. Isleta Marina, Inc. et al, 106 D.P.R. 809 (1978) y en la Regla 45 de
Procedimiento Civil, se declara con lugar la demanda, y se dicta sentencia condenando
a la parte demandada a pagarle a la parte demandante la suma de $151,290.61 más
intereses al tipo legal vigente de 7.00 % anual devengados desde el 28 de octubre de
2003 hasta que se realice el pago. Además, se condena a la parte demandada a
satisfacerle a la parte demandante las costas y gastos incurridos más la suma de
$16,667.75 por honorarios de abogado.

DADA en San Juan, Puerto Rico, hoy día 25 de octubre de 2005.

REGÍSTRESE Y NOTIFÍQUESE.

JUEZ SUPERIOR

_CERTIFIED TRANSLATION_                    Olga M. Alicea, uscci

## AFFIDAVIT

I, Olga M. Alicea, of legal age, single, a Certified Interpreter and Translator, and resident of San Juan, Puerto Rico, do hereby declare:

1.    That my name and other personal circumstances are those indicated above.

2.    That I am a Certified Interpreter and Translators, certified to those effects by the Administrative Office of the United States Courts and by the National Association of Judiciary Interpreters and Translators, an in this capacity I personally translated from Spanish to English the foregoing document, titled "Amended Notice of Judgment," dated November 16, 2005, in the case of Rio Mar Associates, L.P., S.E., v. Mixshow Power Summit, Inc., Civil No. K AC2004-3295 (9901), in the Court of First Instance of Puerto Rico, San Juan Superior Court.

3.    That the foregoing translation is a true and accurate translation to the best of my knowledge and abilities.

IN WITNESS WHEREOF, I swear to and sign this document in San Juan, Puerto Rico, on November 18, 2005.

_____
Olga M. Alicea, uscci, ncjit-s

Affidavit No. _163_

Sworn to and subscribed before me by Olga M. Alicea, of the above-indicated personal circumstances, personally known to me. In San Juan, Puerto Rico, on November 18, 2005.

_____
Notary Public

_TRANSLATION PAGE 2 OF 2_

_CERTIFIED TRANSLATION_                OLGA M. ALICEA, USCCI

P. 01                COMMONWEALTH OF PUERTO RICO
                      COURT OF FIRST INSTANCE
                      SAN JUAN SUPERIOR COURT

RIO MAR ASSOCIATES, L.P.
        PLAINTIFF                        CASE NO.: K AC2004-3295
           V.                             COURTROOM 901
MIXSHOW POWWER *[SIC]* SUMMIT, INC.    CIVIL ACTION
        DEFENDANT                        CAUSE/CRIME


GARCIA-PÉREZ ESQ. CARLOS A
PO BOX 70364
SAN JUAN PR
                              00936-8364

### AMENDED NOTICE OF JUDGMENT

   THE UNDERSIGNED CLERK NOTIFIES YOU THAT THIS COURT HAS ENTERED
JUDGMENT IN THE CAPTIONED CASE DATED OCTOBER 25, 2005, WHICH HAS BEEN
DULY REGISTERED AND FILED IN THE RECORDS OF THIS CASE, WHERE YOU MAY
FAMILIARIZE YOURSELF IN DETAIL WITH THE TERMS OF THE SAME.

   AND SINCE YOU ARE OR YOU REPRESENT THE PARTY AFFECTED BY THE
JUDGMENT, OF WHICH YOU MAY FILE AN APPEAL, I DIRECT THIS NOTICE TO YOU,
HAVING FILED IN THE RECORDS OF THIS CASE A COPY THEREOF ON NOVEMBER 16,
2005.

FERNANDEZ-GONZÁLEZ MYRIAM Y
GOLDMAN ANTONETTI & CORDOVA      PO BOX 70364
SAN JUAN PR                      00936-8364

MIXSHOW POWER SUMMIT INC.
400 WEST 43RD STREET             SUITE 78
NEW YORK NY                      10036

MIXSHOW POWER SUMMIT INC
PO BOX 216 MAPLE STREET *[sic]*   SOMERVILLE NJ
                                  10104

SAN JUAN   , PUERTO RICO, ON NOVEMBER 16, 2005

                    REBECCA RIVERA-TORRES, ESQ.
                            CLERK
            BY:  ELIA ENID RAMOS-PÉREZ (Initials)
                        ASSISTANT CLERK

O.A.T.704-NOTICE OF JUDGMENT
TELETRIBUNALES:(787) 759-1888/ISLAND, TOLL FREE (787)1-877-759-1888 TELETRIBUNALES: (787)


_TRANSLATION PAGE 1 OF 2_

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| RIO MAR ASSOCIATES, L.P. S.E., <br><br> Demandante <br><br> vs. <br><br> MIXSHOW POWER SUMMIT, INC., <br><br> Demandados | CIVIL NUM.: K AC2004-3295 <br><br> SALA 901 <br><br> SOBRE:     INCUMPLIMIENTO   DE CONTRATO Y COBRO DE DINERO |

### SENTENCIA

VISTA la moción de la parte demandante, Rio Mar Associates, L.P. S.E., presentada el 21 de julio de 2005, se declara la misma con lugar, y por consiguiente se anota la rebeldía a la parte demandada.

A tenor con lo expuesto en el caso de The Continental Insurance Company y Manuel F. Pou vs. Isleta Marina, Inc., et al. 106 D.P.R. 809 (1978) y en la Regla 45 de Procedimiento Civil, se declara con lugar la demanda, y se dicta sentencia condenando a la parte demandada a pagarle a la parte demandante la suma de $151,200.61 más intereses al tipo legal vigente de 7.00 % anual devengados desde el 28 de octubre de 2003 hasta que se realice el pago. Además, se condena a la parte demandada a satisfacerle a la parte demandante las costas y gastos incurridos más la suma de $16,667.75 por honorarios de abogado.

DADA en San Juan, Puerto Rico, hoy día *25* de *octubre* de 2005.

REGISTRESE Y NOTIFIQUESE.

*[firma]*

JUEZ SUPERIOR



1220 000D 425 - 494

**1220 000D 425 - 494**

1220 000D425-494

1220 000D 425 - 045

**1220 000D 425 - 045**

1220 000D 205-045

CERTIFICACION

Certifico que la presente es copia fiel y exacta del original que obra en los archivos de la misma, a petición de:

LCDA.

Secretario

Por: Sub-Secretario

SALA DE SAN JUAN

RIO MAR ASSOCIATES, L.P.
    DEMANDANTE
            VS.
MIXSHOW POWWER SUMMIT, INC.
    DEMANDADO

CASO: K AC2004-3295
SALON:0901

ACCION CIVIL

CAUSAL/DELITO

### NOTIFICACION ENMENDADA DE SENTENCIA

EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA 25 DE OCTUBRE DE 2005 , QUE HA SIDO DEBIDAMENTE REGISTRADA Y ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

Y, SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA, DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION, DIRIJO A USTED ESTA NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS DE ESTE CASO COPIA DE ELLA CON FECHA DE 16 DE NOVIEMBRE DE 2005 .

GARCIA PEREZ CARLOS A
PO BOX 70364

SAN JUAN PR
00936-8364

FERNANDEZ GONZALEZ MYRIAM Y
GOLDMAN ANTONETTI & CORDOVA
SAN JUAN PR

PO BOX 70364
00936-8364

MIXSHOW  POWER SUMMIT INC.
400 WEST 43RD STREET
NEW YORK NY

SUITE 78
10036

MIXSHOW POWER SUMMIT INC
PO BOX 216 MAPLE STRRET

SOMMERVILLE NJ
08876



CASO NUM: K AC2004-3295
SALON: 0901

MIXSHOW POWER SUMMIT INC.
1290 AVE OF THE AMERICAS         NEW YORK NY
                                 10104


SAN JUAN         , PUERTO RICO, A 16 DE NOVIEMBRE DE 2005

                    LCDA. REBECCA RIVERA TORRES
                    -----------------------------------
                                 SECRETARIO
          POR: ELIA ENID RAMOS PEREZ
                    -----------------------------------
                          SECRETARIO AUXILIAR

O.A.T.704-NOTIFICACION DE SENTENCIA
TELETRIBUNALES:(787)759-1888/ISLA, LIBRE DE COSTO(787)1-877-759-1888    TELETRIBUNALES:(78

