File 2

# EXHIBIT C

_CERTIFIED TRANSLATION_      OLGA M. ALICEA, USCCI

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
SAN JUAN SUPERIOR COURT

| | |
|---|---|
| RIO MAR ASSOCIATES, L.P., S.E. | CIVIL NO.: K AC2004-3295 |
| Plaintiff | COURTROOM 901 |
| v. | RE: BREACH OF CONTRACT AND COLLECTION OF MONIES |
| MIXSHOW POWER SUMMIT, INC. | |
| Defendants | |

**FILED**
JUL 13 2005
COUNTY CLERK'S OFFICE
NEW YORK

**JUDGMENT**

HAVING seen the motion of plaintiff Rio Mar Associates, L.P., S.E., filed on July 21, 2005, the same is granted and, consequently, default is entered against defendant.

Pursuant to the holding in the case of The Continental Insurance Company and Manuel F. Pou v. Isleta Marina, Inc., _et al._, 106 D.P.R. 809 (1978), and on Rule 45 of Civil Procedure, the complaint is granted and judgment is entered ordering defendant to pay to plaintiff the sum of $151,200.61 plus interest at the prevailing legal rate of 7.00% _per annum_ as of October 28, 2003, until payment is made. Further, defendant is ordered to pay to plaintiff the costs and expenses incurred, plus the sum of $16,667.75 for attorneys' fees.

GIVEN in San Juan, Puerto Rico, today, October 25, 2005.

_TRANSLATION PAGE 1 OF 3_

_CERTIFIED TRANSLATION_                                OLGA M. ALICEA, USCCI

BE IT REGISTERED AND NOTIFIED.

(Signed) Teresa Medina-Monteserin
SUPERIOR COURT JUDGE

TERESA MEDINA-MONTESERIN
SUPERIOR COURT JUDGE

I HEREBY CERTIFY:

Rebecca Rivera-Torres, Esq.
Regional Clerk

(Signed)
By:    **ELIA E. RAMOS-PÉREZ**
**Assistant Clerk**
Assistant Clerk

CERTIFICATION
I, OLGA M. ALICEA, AN ENGLISH-SPANISH INTERPRETER AND
TRANSLATOR CERTIFIED TO THAT EFFECT BY THE
ADMINISTRATIVE OFFICE OF THE U.S. COURTS AND BY THE
NATIONAL ASSOCIATION OF JUDICIARY INTERPRETERS &
TRANSLATORS, DO HEREBY CERTIFY THAT I HAVE PERSONALLY
TRANSLATED THE FOREGOING DOCUMENT FROM SPANISH TO
ENGLISH AND THAT THE TRANSLATION IS TRUE AND ACCURATE TO
THE BEST OF MY KNOWLEDGE AND ABILITIES.
CERTIFICATION APPLIES ONLY TO THE SIGNED ORIGINAL.

OLGA M. ALICEA, USCCI, NCJIT-S              11/17/05
(USCCI NO. 98-005)                          DATE

PO BOX 19749, SAN JUAN, PUERTO RICO 00910-1749
TEL. 787-642-4777 / 787-282-5742
E-MAIL: OMALICEA@YAHOO.COM / OMALICEA@GMAIL.COM

TRANSLATION PAGE 2 OF 3

*CERTIFIED TRANSLATION*                    OLGA M. ALICEA, USCCI

## AFFIDAVIT

I, Olga M. Alicea, of legal age, single, a Certified Interpreter and Translator, and resident of San Juan, Puerto Rico, do hereby declare:

1.    That my name and other personal circumstances are those indicated above.

2.    That I am a Certified Interpreter and Translator, certified to those effects by the Administrative Office of the United States Courts and by the National Association of Judiciary Interpreters and Translators, and in this capacity I personally translated from Spanish to English the foregoing document, titled "Judgment," dated October 25, 2005, in the case of Rio Mar Associates, L.P., S.E. v. Mixshow Power Summit, Inc., Civil No. K AC2004-3295 (901), in the Court of First Instance of Puerto Rico, San Juan Superior Court.

3.    That the foregoing translation is a true and accurate translation to the best of my knowledge and abilities.

IN WITNESS WHEREOF, I swear to and sign this document in San Juan, Puerto Rico, on November 18, 2005.

Olga M. Alicea, USCCI

Affidavit No. 162

Sworn to and subscribed before me by Olga M. Alicea, of the above-indicated personal circumstances, personally known to me. San Juan, Puerto Rico, on November 18, 2005.

NOTARY PUBLIC

*TRANSLATION PAGE 3 OF 3*

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| RIO MAR ASSOCIATES, L.P. S.E., <br><br> Demandante <br><br> vs. <br><br> MIXSHOW POWER SUMMIT, INC., <br><br> Demandados | CIVIL NUM.: K AC2004-3295 <br><br> SALA 901 <br><br> SOBRE: INCUMPLIMIENTO DE CONTRATO Y COBRO DE DINERO <br><br> FILED <br> JUL 13 2006 <br> COUNTY CLERK'S OFFICE <br> NEW YORK |

### SENTENCIA

VISTA la moción de la parte demandante, Rio Mar Associates, L.P. S.E., presentada el 21 de julio de 2005, se declara la misma con lugar, y por consiguiente se anota la rebeldía a la parte demandada.

A tenor con lo expuesto en el caso de <u>The Continental Insurance Company y Manuel F. Pou vs. Isleta Marina, Inc., et al</u>, 106 D.P.R. 809 (1978) y en la Regla 45 de Procedimiento Civil, se declara con lugar la demanda, y se dicta sentencia condenando a la parte demandada a pagarle a la parte demandante la suma de $151,200.61 más intereses al tipo legal vigente de 7.00 % anual devengados desde el 28 de octubre de 2003 hasta que se realice el pago. Además, se condena a la parte demandada a satisfacerle a la parte demandante las costas y gastos incurridos más la suma de $16,667.75 por honorarios de abogado.

DADA en San Juan, Puerto Rico, hoy día 25 de octubre de 2005.

REGISTRESE Y NOTIFIQUESE.

JUEZ SUPERIOR

TERESA MEDINA MONTERO



**COMMONWEALTH OF PUERTO RICO**
**DEPARTMENT OF STATE**



A favor de la parte con interés
rebecca anualmo

Por: Wal_ Viviana
SECRETARIO AUXILIAR



Sello Rentas Internas

$1.00~

1200 0008 415 - 047

**1200 0008 415 - 047**

#120000084l5047
$1.00



Sello Rentas Internas

$0.50~

1220 000D 425 - 043

**1220 000D 425 - 043**

#1220000D425043
$.50



**COMMONWEALTH OF PUERTO RICO**
**DEPARTMENT OF STATE**
**SAN JUAN, PUERTO RICO**

**CERTIFICATION**

*I,  CARMEN  ELBA  TORRES*, *Director  for  the  Certifications  and Regulations  Division  of  the  Department  of  State  of  the  Commonwealth  of Puerto Rico*, **DO HEREBY CERTIFY THAT:**

**REBECCA RIVERA TORRES**

*whose  official  certification  appears  on  the  attached  document  was,  on  the date  of  the  same,  according  to  the  records  of  this  Department,  a* **Clerk  of Court;  General  Court  of  Justice  of  Puerto  Rico;  San  Juan  Superior Court.**

**I DO FURTHER CERTIFY** *that her signature thereto affixed is genuine.*

**IN WITNESS WHEREOF,** *I have hereunto set my  hand  and  affixed  the  Great  Seal  of  the Commonwealth  of  Puerto  Rico,  in  the  City  of San Juan, today,* **June 14, 2006.**

*Carmen Elba Torres*

**CARMEN ELBA TORRES**

**CORRECT CERTIFY:**

*Janette Miranda Diaz*

**Authorized Officer**



**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN PART**

| | | |
|---|---|---|
| **RIO MAR ASSOCIATES, L.P., S.E.** | ) | **Civil Case No. KAC2004-3295** |
| **Doing business as Westin Rio Mar** | ) | |
| **Beach Resort** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| **vs.** | ) | |
| | ) | |
| **MIXSHOW POWER SUMMIT, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## EXEMPLIFICATION CERTIFICATE

I, Rebecca Rivera Torres, Clerk of the San Juan Superior Court for the Commonwealth of Puerto Rico, does hereby attest that I am the custodian of records of the said Court, and that the foregoing is a full, true, and correct copy of the original judgment entered October 25, 2005 in the matter titled <u>Rio Mar Associates, LP v. Mixshow Power Summit, Inc.</u>, <u>Civil No. K A C 2004-3295</u>, on file or of record in my office, and that I have carefully compared the same with the original.

All of which we have caused by these presents to be exemplified, and the seal of the San Juan Superior Court of the Commonwealth of Puerto Rico to be hereby affixed. Executed at San Juan, Puerto Rico,

On April 27, 2006.

_____
Rebecca Rivera Torres
Clerk of Court

I, _____, of the Department of State of the Commonwealth of Puerto Rico, do hereby certify that _____ is the Clerk of the San Juan Superior Court of the Commonwealth of Puerto Rico; that the signature of the foregoing exemplification certificate and attestation is the genuine signature of the said

_____ as such officer, as said _____ as such officer the legal custodian of the original records or documents described and referred to in the foregoing certificate; is the proper officer having the authority to execute the said certificate and attestation, such attestation is in due and proper form according to the laws of the Commonwealth of Puerto Rico.

Executed at San Juan, Puerto Rico

March _____, 2006.

_____



FILED

JUL 13 2006

COUNTY CLERK'S OFFICE
NEW YORK





CERTIFICACION

A favor de Parte con Interés

LCDA. REBECCA RIVERA TORRES
SECRETARIA REGIONAL

Por: Waleska Rivera Ibáñez
SECRETARIO AUXILIAR



12D0 0002 798 - 417

# 12D00002798-417
¢.50



12D0 0002 798 - 418

# 12D00002798-418
¢.50



12D0 0002 798 - 477

# 12D00002798477
¢.50



12D0 0002 798 - 485

# 12D00002798-485
¢.50



**COMMONWEALTH OF PUERTO RICO**
**DEPARTMENT OF STATE**
**SAN JUAN, PUERTO RICO**

**CERTIFICATION**

I, *CARMEN ELBA TORRES*, Director for the Certifications and Regulations Division of the Department of State of the Commonwealth of Puerto Rico, **DO HEREBY CERTIFY THAT:**

**REBECCA RIVERA TORRES**

whose official certification appears on the attached document was, on the date of the same, according to the records of this Department, a **Clerk of Court; General Court of Justice of Puerto Rico; San Juan Superior Court.**

**I DO FURTHER CERTIFY** that her signature thereto affixed is genuine.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of the Commonwealth of Puerto Rico, in the City of San Juan, today, **June 14, 2006.**

_____
**CARMEN ELBA TORRES**

**CORRECT CERTIFY:**

_____
**Authorized Officer**



Index No.                        Year
SUPREME COURT OF STATE OF NY
COUNTY OF NEW YORK

RIO MAR ASSOCIATES L.P.S.E.

PLAINTIFF

-against-

MIXSHOW POWER SUMMIT, INC

DEFENDANT.

JUDGMENT

Signature (Rule 130-1.1-a)

Print name beneath

RUDNER LAW OFFICES
DAVID R. TEECE
Attorney for

*Office and Post Office Address, Telephone*

225 BROADWAY, #3104

NEW YORK, NY 11007

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,              Yours, etc.

*Attorney for*

*Office and Post Office Address*

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on
at       M.
Dated,          Yours, etc.

*Attorney for*

*Office and Post Office Address*

To

Attorney(s) for

---

061609748

F I L E D & Docketed

JUL 13 2006
2:15 P.M
AT
N.Y. CO. CLKS OFFICE

Foreign judgment from
Commonwealth of
Puerto Rico entered
pursuant to CPLR
5402 - reg/up

# AFFIDAVIT OF DAVID TEECE

7/3/06

COUNTY OF NEW YORK      )
                                  ) ss:

STATE OF NEW YORK        )

06109748

I, DAVID TEECE, after being first duly sworn, says and deposes as follows:

1.      I am an attorney with Rudner Law Offices in New York, New York, and make this Affidavit upon my own personal knowledge.

2.      I am an Attorney for the Judgment-Creditor, Rio Mar Associates, L.P., S.E..

3.      On October 25, 2005, a judgment was entered in Case No. KAC2004-3295 in the Court of First Instance in the Commonwealth of Puerto Rico in favor of the Judgment-Creditor and against the Judgment-Debtor, Mixshow Power Summit, Inc., a New York corporation. The judgment amount is as follows: $151,200.61 in principal + $16,667.75 in attorney fees for a total of **$167,868.36**, plus interest at the rate of seven percent (7%) per annum commencing on October 28, 2003.

4.      The judgment was *not* obtained by default in appearance or confession of judgment. Judgment-Debtor originally appeared in the action above by filing an Answer to the Complaint on December 27, 2004, thereby submitting to the jurisdiction of the Puerto Rican court. Upon motion, default was entered by the Puerto Rican court on July 21, 2005, following Judgment-Debtor's failure to appear at a later stage of the proceeding. "Once jurisdiction is conferred, it is not divested by the failure of a party to appear in the later stages of the proceeding." *Summerour & Assoc., Inc. v. Bradhill Indus., Inc.*, 91 A.D.2d 902, 903, 457 N.Y.S.2d 524, 526 (1983).

5.      The judgment remains unsatisfied in whole. Thus, as of today's date, the

1

Judgment-Creditor is owed $167,868.36 ($151,200.61 principal + $16,667.75 attorney fees and costs), with interest continuing to accrue on the $151,200.61 unpaid principal balance at the rate of seven percent (7%) per annum. *from 10/28/03.* (PT)

6.    The enforcement of the judgment has not been stayed.

7.    The last known address of the Judgment-Creditor is as follows: 6000 Rio Mar Boulevard, Rio Grande, Puerto Rico 00745.

8.    The last known address of the Judgment-Debtor is as follows: 400 43rd St, New York, NY 10036.

9. *The Judgment dated 10/25/05 is the final determination of the court. It does not need to be reduced to a further form of an order or judgment. It can be executed upon by any sheriff of the Commonwealth of Puerto Rico.*

**FURTHER AFFIANT SAYETH NAUGHT**

_____
DAVID TEECE

Sworn to before me on
this 7th day of July, 2006.

_____
Notary Public in and for the
State of New York

My Commission Expires

**ALTHEA M DORSETT**
**NOTARY PUBLIC-STATE OF NEW YORK**
**NO. 01DO6057445**
**QUALIFIED IN BRONX COUNTY**
**MY COMMISSION EXPIRES APRIL 16, 2009**

**FILED**

JUL 13 2006

COUNTY CLERK'S OFFICE
NEW YORK

*Foreign judgment from Commonwealth of Puerto Rico entered Pursuant to CPLR 5402.*

2

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x

RIO MAR ASSOCIATES, L.P., S.E., a                    Civ. Action No. 07 CIV 8227
Delaware Limited Partnership, d/b/a THE WESTIN
RIO MAR BEACH RESORT,

                                                              **COMPLAINT**

                    Plaintiff,

          -against-

MIXSHOW POWER SUMMIT, INC., a
New York corporation; THE POWER SUMMIT,
INC., a New York corporation; RPM MARKETING
& PROMOTIONS, INC., a New York corporation;
and RENE McLEAN, a New York resident,


                    Defendants.
_____ x

          Plaintiff RIO MAR ASSOCIATES, L.P., S.E., doing business as THE WESTIN

RIO MAR BEACH RESORT, through its attorneys, alleges as follows:

                              <u>JURISDICTION</u>

          1.      Plaintiff RIO MAR ASSOCIATES, L.P., S.E., doing business as THE WESTIN

RIO MAR BEACH RESORT ("the Resort"), is a Delaware limited partnership in the business of

operating a conference resort in Rio Mar, Puerto Rico.

          2.      Upon information and belief, Defendant MIXSHOW POWER SUMMIT, INC.

("Mixshow") is a New York corporation, with its principal place of business at 400 W. 43rd Street,

Apartment 7S, in New York, New York.

          3.      Defendant THE POWER SUMMIT, INC. ("The Power Summit") is a New York

corporation, with its former principal place of business at 665 Broadway, Suite 801, in New York,

New York, and its current principal place of business at 33 W. 19th Street, in New York, New

York.

4.      Defendant RPM MARKETING AND PROMOTIONS, INC. ("RPM") is a New York corporation, with its former principal place of business at 665 Broadway, Suite 801, in New York, New York, and its current principal place of business at 33 W. 19th Street, in New York, New York.

5.      Defendant RENE MCLEAN ("McLean") is a New York resident, residing at 400 W. 43rd Street, Apartment 7S, in New York, New York.

6.      Personal jurisdiction is proper in the Southern District of New York because all Defendants are residents of the city of New York and the state of New York.

7.      The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, and Plaintiff and defendants are citizens of different states.

8.      Subject matter jurisdiction is proper in the U.S. District Court, because district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. §1332.

<u>VENUE</u>

9.      Venue is proper in the Southern District of New York, because the Southern District of New York is the district in which all Defendants reside, and all Defendants reside in the same state.  28 U.S.C. §1391.

FACTUAL ALLEGATIONS

10.    Upon information and belief, in 1998, Defendants Mixshow, McLean and/or RPM began holding an annual urban music conference at hotels and resorts located in the Caribbean islands.

11.    Defendant McLean is the sole officer, employee, and owner of Defendant Mixshow.

12.    In June 2002, Mixshow and the Resort entered into a contract signed by Defendant McLean, under which Mixshow, McLean, and/or RPM agreed to hold, and subsequently did hold, an event at the Resort called the "Mixshow Power Summit" in September 2003.

13.    The entire business of Mixshow was to hold an annual urban music conference at hotels and resorts located in the Caribbean islands.   From 1998 to 2003, this conference was called "Mixshow Power Summit."

14.    Upon information and belief, Mixshow operated as a mere instrumentality and alter ego of Defendants McLean and/or RPM.

15.    At the conclusion of Mixshow's event in September 2003, Mixshow left an outstanding unpaid balance to the Resort in the amount of $151,200.61 for facilities and services provided.  Mixshow failed and refused to pay the amount owed.

16.    On May 18, 2004, the Resort filed suit against Defendant Mixshow in the Court of First Instance in the Commonwealth of Puerto Rico, for breach of contract.

17.    On June 1, 2004, Defendant THE POWER SUMMIT, INC. was formed and registered as a New York corporation by Defendant McLean.

18.    Upon information and belief, in 2004 the name of the annual urban music conference at hotels and resorts located in the Caribbean islands was changed from the "Mixshow Power

3

Summit" to the "Power Summit."

19.    Upon information and belief, in 2004 Defendants McLean and/or RPM ceased operations under the name "Mixshow Power Summit, Inc." and began the same operations under the name "The Power Summit, Inc."

20.    In the alternative, in 2004 Mixshow Power Summit, Inc. ceased operations and transferred the entire business of Mixshow to Defendant The Power Summit, Inc., without fair consideration and with actual intent to hinder, delay, and/or defraud its creditors.

21.    Mixshow originally appeared in the Puerto Rico action by filing an Answer to the Complaint on December 27, 2004, but failed to participate further in the proceedings.

22.    Upon motion, default was entered by the Puerto Rican court on July 21, 2005 against Mixshow, following Mixshow's failure to appear to further appear in the proceedings.

23.    On October 25, 2005, a judgment was entered in Case No. KAC2004-3295 in the Puerto Rican court in favor of the Resort and against Mixshow in the total amount of $167,868.36 ($151,200.61 in principal + $16,667.75 in attorneys fees), plus interest at the rate of seven percent (7%) per annum running from October 28, 2003.

24.    On July 13, 2006, a duly authenticated copy of the Puerto Rican judgment in favor of the Resort and against Mixshow was filed in the Office of the Clerk of New York County, New York, pursuant to the provisions of C.P.L.R. §5402.

25.    Despite demand for payment, the Puerto Rican judgment remains wholly unsatisfied.

26.    The annual urban music conference at hotels and resorts located in the Caribbean islands now called the "Power Summit" continues to operate.  The website owned and operated by Defendant Power Summit, www.thepowersummit.com, advertises "the 10th annual Power Summit"

to be held in the Dominican Republic October 10-14, 2007.

FOR A FIRST CLAIM AGAINST DEFENDANT
THE POWER SUMMIT, INC.
(Successor Liability)

27.     Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

28.     Upon information and belief, Defendant Mixshow in 2004 ceased operations and transferred its entire business to Defendant The Power Summit, without consideration and with actual intent to hinder, delay, and/or defraud its creditors.

29.     Upon information and belief, the sole business of Defendant The Power Summit is a mere continuation of the sole business of Defendant Mixshow – the hosting of an annual urban music conference at hotels and resorts located in the Carribean Islands.

30.     In the alternative, upon information and belief Defendants Mixshow and The Power Summit engaged in a de facto merger of operations subsequent to Mixshow's accrual of debt to the Resort.

31.     Defendant McLean is the sole officer, employee, and owner of Defendant Mixshow, and is the principal owner and officer of Defendant The Power Summit.

32.     Because the business of Defendant The Power Summit is mere continuation of the business of Mixshow, and/or because Mixshow and The Power Summit engaged in a de facto merger, Defendant The Power Summit has incurred successor liability for the judgment against Mixshow Power Summit, Inc.

WHEREFORE, Plaintiff requests the following relief:

5

a. That the Court enter judgment against Defendant The Power Summit, Inc. for the amount of the judgment entered against Defendant Mixshow under Index No. 06/109748, in the principal sum of $167,868.36, plus interest at seven percent (7%) per annum from October 28, 2003 until paid in full;

b. That the Court void any transfers from Defendant Mixshow to Defendant The Power Summit and allow Plaintiff to execute its judgment against Defendant Mixshow on any and all assets that were transferred from Mixshow to The Power Summit, including any assets obtained as a result of the fraudulent transactions; and

c. For such other further relief that the Court deems just and proper.


## FOR A SECOND CLAIM AGAINST DEFENDANT RENE MCLEAN and RPM MARKETING & PROMOTIONS, INC.
### (Piercing the Corporate Veil)

33.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

34.    Defendant McLean is the sole officer, employee, owner, and/or shareholder of Defendant Mixshow.

35.    The "offices" and "business address" of Defendant Mixshow are the apartment of Defendant McLean, 400 W. 43rd Street, Suite 7S, New York, New York.

36.    Upon information and belief, Defendant Mixshow was grossly undercapitalized at its inception, and its assets were unreasonably small in proportion to its obligations.

37.    Upon information and belief, Defendant Mixshow observed no corporate formalities and paid no dividends.

38.    Upon information and belief, Defendant Mixshow has failed to file any tax returns for

6

the years 2002 to the present.

39.     Upon information and belief, Defendant McLean treated the assets of Defendant as if they were their own.

40.     Defendant Mixshow was so dominated by Defendant McLean, and the separate entity of Defendant Mixshow was so ignored, that Defendant Mixshow primarily transacted the business of Defendant McLean instead of its own, and therefore is a mere instrumentality and alter ego of Defendant McLean.

41.     In the alternative, the sole business of Defendant Mixshow – the annual urban music conference at hotels and resorts located in the Caribbean islands – was and continues to be conducted by Defendant RPM, and therefore Defendant Mixshow is a mere instrumentality and alter ego of Defendant RPM.

42.     As a matter of equity, Plaintiff is entitled to pierce the corporate veil of Defendant Mixshow, and reach the assets of Defendants McLean and/or RPM to satisfy its judgment obtained against judgment debtor Mixshow.

WHEREFORE, Plaintiff requests the following relief:

a.     That the Court enter judgment against Defendant Rene McLean for the amount of the judgment entered against Defendant Mixshow under Index No. 06/109748, in the principal sum of $167,868.36, plus interest at seven percent (7%) per annum from October 28, 2003 until paid in full;

b.     In the alternative, that the Court enter judgment against Defendant RPM Marketing & Promotions, Inc. for the amount of the judgment entered against Defendant Mixshow under Index No. 06/109748, in the principal sum of $167,868.36, plus

interest at seven percent (7%) per annum from October 28, 2003 until paid in full; and

c.    For such other further relief that the Court deems just and proper.


## FOR A THIRD CLAIM AGAINST DEFENDANTS
## MIXSHOW POWER SUMMIT, INC., THE POWER SUMMIT, INC., AND RENE MCLEAN
(Fraudulent transfer under NY DCL §273)

43.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

44.    Upon information and belief, Defendant Mixshow in 2004 ceased operations and transferred its entire business to Defendant The Power Summit, without fair consideration.

45.    Defendant McLean is the sole officer, employee, and/or owner of Defendant Mixshow, and is the principal owner and officer of Defendant The Power Summit.

46.    Upon information and belief, before Defendant Mixshow ceased operations in 2004, Defendants McLean and Mixshow transferred its customer list and other assets to Defendant The Power Summit without fair consideration.

47.    Upon information and belief, Defendants McLean and Mixshow transferred the website, www.mixshowpowersummit.com to Defendant The Power Summit without fair consideration.

48.    Upon information and belief, Defendant Mixshow was insolvent at the time of these transfers, or in the alternative, was rendered insolvent by these transfers, because the present fair salable value of its assets was less than the amount it was required to pay on existing debts.

WHEREFORE, Plaintiff requests the following relief under New York D.C.L. §273:

8

a.    That the Court void any and all transfers from Defendant Mixshow to Defendant The

Power Summit as fraudulent;

b.    That the Court allow Plaintiff to execute its judgment against Mixshow on any and all

assets that were transferred from Mixshow to Defendants The Power Summit and/or

Rene McLean, including any assets obtained as a result of the fraudulent transactions;

and

c.    For such other further relief as the Court may deem just and proper.


FOR A FOURTH CLAIM AGAINST DEFENDANTS
MIXSHOW POWER SUMMIT, INC., THE POWER SUMMIT, INC., AND RENE MCLEAN
(Fraudulent transfer under NY DCL §273-a)

49.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

50.    Upon information and belief, Defendant Mixshow in 2004 ceased operations and

transferred its entire business to Defendant The Power Summit, without fair consideration.

51.    Defendant McLean is the sole officer, employee, and/or owner of Defendant Mixshow,

and is the principal owner and officer of Defendant The Power Summit.

52.    Upon information and belief, before Defendant Mixshow ceased operations in 2004,

Defendants McLean and Mixshow transferred its customer list and other assets to Defendant The

Power Summit without fair consideration.

53.    Upon information and belief, Defendants McLean and Mixshow transferred the

website, www.mixshowpowersummit.com to Defendant The Power Summit without fair

consideration.

9

54.    At the time of these transfers, Defendant Mixshow was a defendant in an action for money damages, filed by Plaintiff on May 18, 2004.

WHEREFORE, Plaintiff requests the following relief under New York D.C.L. §273-a:

a.    That the Court void any and all transfers from Defendant Mixshow to Defendant The Power Summit as fraudulent;

b.    That the Court allow Plaintiff to execute its judgment against Mixshow on any and all assets that were transferred from Mixshow to Defendants The Power Summit and/or Rene McLean, including any assets obtained as a result of the fraudulent transactions; and

c.    For such other further relief as the Court may deem just and proper.


## FOR A FIFTH CLAIM AGAINST DEFENDANTS
## MIXSHOW POWER SUMMIT, INC., THE POWER SUMMIT, INC., AND RENE MCLEAN
(Fraudulent transfer under NY DCL §275)

55.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

56.    Upon information and belief, Defendant Mixshow in 2004 ceased operations and transferred its entire business to Defendant The Power Summit, without fair consideration.

57.    Defendant McLean is the sole officer, employee, and/or owner of Defendant Mixshow, and is the principal owner and officer of Defendant The Power Summit.

58.    Upon information and belief, before Defendant Mixshow ceased operations in 2004, Defendants McLean and Mixshow transferred its customer list and other assets to Defendant The Power Summit without fair consideration.

59.    Upon information and belief, Defendants McLean and Mixshow transferred the

10

website, www.mixshowpowersummit.com to Defendant The Power Summit without fair consideration.

60.    Upon information and belief, at the time of these transfers Defendants Mixshow and McLean believed and/or intended that it would incur debts beyond its ability to pay as the debts mature.

WHEREFORE, Plaintiff requests the following relief under New York D.C.L. §275:

a.    That the Court void any and all transfers from Defendant Mixshow to Defendant The Power Summit as fraudulent;

b.    That the Court allow Plaintiff to execute its judgment against Mixshow on any and all assets that were transferred from Mixshow to Defendants The Power Summit and/or Rene McLean, including any assets obtained as a result of the fraudulent transactions; and

c.    For such other further relief as the Court may deem just and proper.

## FOR A SIXTH CLAIM AGAINST DEFENDANTS
## SCIOPTIC, INC., SCIOPTIC INTERNATIONAL, LLC, AND DAVID AMAR
### (Fraudulent transfer under NY DCL §276)

61.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

62.    Upon information and belief, Defendant Mixshow in 2004 ceased operations and transferred its entire business to Defendant The Power Summit with actual intent to hinder, delay, and/or defraud its present and future creditors.

63.    Defendant McLean is the sole officer, employee, and/or owner of Defendant Mixshow, and is the principal owner and officer of Defendant The Power Summit.

64.     Upon information and belief, before Defendant Mixshow ceased operations in 2004, Defendants McLean and Mixshow transferred its customer list and other assets to Defendant The Power Summit with actual intent to hinder, delay, and/or defraud its present and future creditors.

65.     Upon information and belief, Defendants McLean and Mixshow transferred the website, www.mixshowpowersummit.com to Defendant The Power Summit with actual intent to hinder, delay, and/or defraud its present and future creditors.

66.     Upon information and belief, Defendants Mixshow and McLean had actual knowledge of Plaintiff's creditors' claim against Defendant Mixshow at the time of the transfer to Defendant The Power Summit, and actual knowledge of Defendant Mixshow's inability to pay that claim.

67.     The transfer of business from Defendant Mixshow to Defendant The Power Summit constituted a secret, hasty transfer not in the usual course of business, with actual intent to hinder, delay, and/or defraud its present and future creditors.

WHEREFORE, Plaintiff requests the following relief under New York D.C.L. §276:

a.      That the Court void any and all transfers from Defendant Mixshow to Defendant The Power Summit as fraudulent;

b.      That the Court allow Plaintiff to execute its judgment against Mixshow on any and all assets that were transferred from Mixshow to Defendants The Power Summit and/or Rene McLean, including any assets obtained as a result of the fraudulent transactions;

c.      Reasonable attorneys fees and costs associated with this action; and

d.      For such other further relief as the Court may deem just and proper.

12

DATED:      New York, New York
            August 29, 2007


                        Respectfully submitted,


                        RUDNER LAW OFFICES

                        By: _____
                             David R. Teece
                             (DT 5908)
                             225 Broadway, Suite 3104
                             New York, New York 10007
                             Phone: (212) 233-4747
                             Fax:    (212) 233-4848


13

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x

RIO MAR ASSOCIATES, L.P., S.E., a
Delaware Limited Partnership, d/b/a THE WESTIN
RIO MAR BEACH RESORT,

Civ. Action No. 07 CV 8227 (GBD)

Plaintiff,

**CLERK'S CERTIFICATE**

-against-

MIXSHOW POWER SUMMIT, INC., a
New York corporation; THE POWER SUMMIT,
INC., a New York corporation; RPM MARKETING
& PROMOTIONS, INC., a New York corporation;
and RENE McLEAN, a New York resident,

Defendants.

————————————————————— x

    I, J. MICHAEL MCMAHON, Clerk of the United States District Court for

the Southern District of New York, do hereby certify that this action commenced on 9/20/07

with the filing of a summons and complaint, a copy of the summons and complaint was served

on defendants by serving Rene McLean

Service was made by Personal Service; Summons, Complaint and Rule 7.1 Statement were

personally delivered and left with Mr. Rene McLean

and proof of such service thereof was filed on October 12, 2007                    .

    I further certify that the docket entries indicate that the defendants have not filed an

answer or otherwise moved with respect to the complaint herein.  The default of the defendants

are hereby noted.

Dated: New York, New York

*OCT 18, 2007*

J. MICHAEL MCMAHON
Clerk of the Court

By:_____
                 Deputy Clerk