UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

RIO MAR ASSOCIATES, L.P., S.E., a
Delaware Limited Partnership, d/b/a THE WESTIN
RIO MAR BEACH RESORT,

Civ. Action No. 07 CV 8227

**MOTION FOR ENTRY
OF DEFAULT JUDGMENT**

                        Plaintiff,

        -against-

MIXSHOW POWER SUMMIT, INC., a
New York corporation; THE POWER SUMMIT,
INC., a New York corporation; RPM MARKETING
& PROMOTIONS, INC., a New York corporation;
and RENE McLEAN, a New York resident,

ELECTRONICALLY FILED

                        Defendants.

—————————————————————— x

        Comes now Plaintiff RIO MAR ASSOCIATES, L.P., S.E., doing business as THE

WESTIN RIO MAR BEACH RESORT, through its attorneys, and requests the Court, pursuant to

Fed. R. Civ. Pro. 55(b)(2) and L.R. 55.2, to enter a judgment by default against Defendants The

Power Summit, Inc. and Rene McLean. Counts in the Complaint against remaining defendants

are hereby withdrawn.

        In support of this motion, Plaintiff relies upon the Clerk's Certificate of Default (attached

as Exhibit E); a copy of the claim to which no response has been made (Exhibit D); a proposed

form of default judgment; Memorandum of Points and Authorities; and the Declaration of David

R. Teece (Exhibit A), all submitted herein.

                        Respectfully submitted,

                        _____
                        David R. Teece
                        Attorney for Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES

I.    APPLICABLE LAW

Under Fed. R. of Civ. Pro. 55(a), when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk shall enter the party's default. In cases where the claim includes other substantive relief other than payment of a sum certain, upon entry of default the party entitled to a judgment by default shall apply to the Court. *See* Fed. R. Civ. Pro. 55(b)(2); Local Rule 55.2.

Default judgment entered on well-pleaded allegations of a complaint establishes a defendant's liability. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 103 F.3d 105, 108 (2d Cir. 1997). Where the court determines that a defendant is in default, the factual allegations of the complaint, except those relating tho the amount of damages, will be taken as true. *See Chen v. Jenna Lane, Inc.,* 30 F.Supp.2d 622, 623 (S.D.N.Y. 1998). Once a court determines that default should be entered, it then is left only to determine the amount and character of the recovery that should be awarded. *See id.*

II.    BACKGROUND

Plaintiff RIO MAR ASSOCIATES, L.P., S.E., doing business as THE WESTIN RIO MAR BEACH RESORT ("the Resort"), is a Delaware limited partnership in the business of operating a conference resort in Rio Mar, Puerto Rico. (Declaration of David Teece, ¶3, Exhibit A hereto) Defendant THE POWER SUMMIT, INC. ("The Power Summit") is a New York corporation, with its principal place of business in the City of New York, borough of Manhattan. (Teece Decl., ¶4) Defendant RENE MCLEAN ("McLean") is a New York resident, residing in

2

the City of New York, borough of Manhattan. (Teece Decl., ¶5)

In 1998, Defendant McLean, through a company called Mixshow Power Summit, Inc. ("Mixshow"), began holding an annual urban music conference at hotels and resorts located in the Caribbean islands. (Teece Decl., ¶6, Exh. A)  Defendant McLean is the sole officer, employee, and owner of Defendant "Mixshow." (Teece Decl., ¶7)  In June 2002, Mixshow and the Resort entered into a contract signed by Defendant McLean, under which Mixshow and McLean agreed to hold, and subsequently did hold, an event at the Resort called the "Mixshow Power Summit" in September 2003. (Teece Decl., ¶8)

The entire business of Mixshow was to hold an annual urban music conference at hotels and resorts located in the Caribbean islands. (Teece Decl., ¶9, Exh. A)  From 1998 to 2003, this conference was called "Mixshow Power Summit." (Teece Decl., ¶10)  Upon information and belief, Mixshow operated as a mere instrumentality and alter ego of Defendant McLean.  (Teece Decl., ¶11)  At the conclusion of Mixshow's event in September 2003, Mixshow left an outstanding unpaid balance owed to the Resort in the amount of $151,200.61 for facilities and services provided.  Mixshow failed and refused to pay the amount owed. (Teece Decl., ¶12)

On May 18, 2004, the Resort filed suit against Defendant Mixshow in the Court of First Instance in the Commonwealth of Puerto Rico, for breach of contract ("the Puerto Rico action"). (Teece Decl., ¶13, Exh. A)  On June 1, 2004, Defendant The Power Summit, Inc. was formed and registered as a New York corporation by McLean. (Teece Decl., ¶14)  In 2004 the name of the annual urban music conference at hotels and resorts located in the Caribbean islands was changed from the "Mixshow Power Summit" to the "Power Summit." (Teece Decl., ¶15)  Also in 2004, McLean ceased operations under the name "Mixshow Power Summit, Inc." and began the same

3

operations under the name "The Power Summit, Inc." (Teece Decl., ¶16)

Mixshow originally appeared in the Puerto Rico action by filing an Answer to the

Complaint on December 27, 2004, but failed to participate further in the proceedings. (Teece

Decl., ¶17, Exh. A)  Upon motion, default was entered by the Puerto Rican court on July 21,

2005 against Mixshow, following Mixshow's failure to appear to further appear in the

proceedings. (Teece Decl., ¶18)

On October 25, 2005, a judgment was entered in Case No. KAC2004-3295 in the Puerto

Rico action in favor of the Resort and against Mixshow in the total amount of $167,868.36

($151,200.61 in principal + $16,667.75 in attorneys fees), plus interest at the rate of seven percent

(7%) per annum running from October 28, 2003.  (10/25/05 judgment and certified translation,

Exhibit B hereto)  On July 13, 2006, a duly authenticated copy of the Puerto Rican judgment in

favor of the Resort and against Mixshow was filed in the Office of the Clerk of New York

County, New York, pursuant to the provisions of New York C.P.L.R. §5402 (7/13/07

Domesticated judgment, Exhibit C hereto).


III.    THE CURRENT ACTION

As part of post-judgment discovery on the judgment against Mixshow, on May 22, 2007,

Plaintiff's attorney conducted a deposition of Rene McLean regarding the finances, structure and

operations of Mixshow and its affiliated companies. (Teece Decl., ¶19, Exh. A)  Based upon

information obtained through this deposition and other sources, on September 20, 2007, Plaintiff

filed this action in the U.S. District Court against Mixshow, The Power Summit, McLean, and

another of McLean's companies, RPM Marketing & Promotions, Inc. ("RPM Marketing") (Teece

4

Decl., ¶20; 9/20/07 Complaint, Exh. D hereto) .

The Complaint contains six (6) claims: 1) Successor liability on the Mixshow judgment against The Power Summit; 2) Liability on the Mixshow judgment through piercing the corporate veil against McLean, or in the alternative, against RPM Marketing; 3) Fraudulent transfer under NY DCL §273 against Mixshow, McLean, and The Power Summit; 4) Fraudulent transfer under NY DCL §273-a against Mixshow, McLean, and The Power Summit; 5) Fraudulent transfer under NY DCL §275 against Mixshow, McLean, and The Power Summit; and 6) Fraudulent transfer under NY DCL §276 against Mixshow, McLean, and The Power Summit. (9/20/007 Complaint, Exh. D)

Copies of the summons and complaint was personally served pursuant to Fed. R. Civ. Pro. 5(b)(A)(i) on Rene McLean as an individual defendant, and as managing agent for Mixshow, The Power Summit, and RPM Marketing, on September 25, 2007.  (Certificates of Service, Exhibit E hereto)  No answer or responsive pleading was ever filed by any defendant. (Teece Decl., ¶21, Exh. A)

Pursuant to Fed. R. Civ. Pro. 12(a)(A), Defendants' time to answer or move with respect to the complaint expired on October 15, 2007. (Teece Decl., ¶22, Exh. A)  An application for a Certificate of Default was filed on October 17, 2007, and default was entered by the Clerk on October 18, 2007. (Teece Decl., ¶23; Certificate of Default, Exhibit E hereto) None of the defendants are infants, in the military, or an incompetent person. (Teece Decl.,  ¶24)


IV.    RELIEF SOUGHT

Plaintiff's action seeks to enforce the judgment obtained in the Puerto Rico action in the

5

sum certain amount of $167,868.36, plus interest at the rate of seven percent (7%) per annum

running from October 28, 2003 against Defendants The Power Summit, Inc. and Rene McLean.

This plea for relief is contained in the first and second claims of the Complaint. (9/20/07

Complaint, Exh. D)   In order to simplify and expedite judgment, Plaintiff hereby withdraws all

claims against Defendants Mixshow and RPM Marketing,[1] as well the fraudulent transfer claims

(Claims 3-6) against all defendants.

     As the allegations of the complaint are taken as true upon default, and as the liability of the

Defendants in default is established, *see Transatlantic Marine,* 103 F.3d at 108, the remaining

action for the Court is to determine the proper amount of recovery. *See Chen,* 30 F.Supp.2d at

623.  The judgment in the Puerto Rico action, along with its certified translation, conclusively

shows that the sum certain amount due in the preceding action is $167,868.36, plus interest at the

rate of seven percent (7%) per annum running from October 28, 2003.   (10/25/05 judgment and

certified translation, Exh. C)  The allegations of the Complaint, taken as true, establish liability for

the judgment in the preceding action through successor liability and piercing the corporate veil

against Defendants The Power Summit, Inc. and Rene McLean. (9/20/07 Complaint, Exh. D)


V.     CONCLUSION

     For the reasons stated above, Plaintiff respectfully requests that the Court enter a default

judgment against  defaulting Defendants The Power Summit, Inc. and Rene McLean in the sum

certain amount of $167,868.36, plus interest at the rate of seven percent (7%) per annum running

---

    [1]  The claim against Defendant RPM Marketing is contained in the second claim for
liability through piercing the corporate veil, which was pled "in the alternative" to liability
against Defendant McLean.

6

from October 28, 2003 until paid in full.

DATED:        New York, New York
              October 19, 2007

                              Respectfully submitted,

                              RUDNER LAW OFFICES

                              By: _____
                                    David R. Teece
                                    (DT 5908)
                                    225 Broadway, Suite 3104
                                    New York, New York 10007
                                    Phone: (212) 233-4747
                                    Fax:    (212) 233-4848