UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

RIO MAR ASSOCIATES, L.P., S.E., a      Civ. Action No. 07 CV 8227
Delaware Limited Partnership, d/b/a THE WESTIN
RIO MAR BEACH RESORT,

                                **DECLARATION OF**
                                **DAVID R. TEECE**
           Plaintiff,

     -against-

MIXSHOW POWER SUMMIT, INC., a
New York corporation; THE POWER SUMMIT,
INC., a New York corporation; RPM MARKETING
& PROMOTIONS, INC., a New York corporation;
and RENE McLEAN, a New York resident,

                Defendants.
_____x

       I, DAVID R. TEECE, pursuant to U.S.C. §1746, state and declare the following:

       1.      My name is David R. Teece, and I make this declaration upon my own personal knowledge.

       2.      I am the attorney for Plaintiff Rio Mar Associates, L.P., S.E., doing business as The Westin Rio Mar Beach Resort, in Civ. Action No. 07 CV 8227.

       3.      Plaintiff RIO MAR ASSOCIATES, L.P., S.E., doing business as THE WESTIN RIO MAR BEACH RESORT ("the Resort"), is a Delaware limited partnership in the business of operating a conference resort in Rio Mar, Puerto Rico.

       4.      Defendant THE POWER SUMMIT, INC. ("The Power Summit") is a New York corporation, with its principal place of business in the City of New York, borough of Manhattan.

       5.      Defendant RENE MCLEAN ("McLean") is a New York resident, residing in the City of New York, borough of Manhattan.

6. In 1998, Defendant McLean, through a company called Mixshow Power Summit, Inc. ("Mixshow"), began holding an annual urban music conference at hotels and resorts located in the Caribbean islands.

7. Defendant McLean is the sole officer, employee, and owner of Defendant "Mixshow."

8. In June 2002, Mixshow and the Resort entered into a contract signed by Defendant McLean, under which Mixshow and McLean agreed to hold, and subsequently did hold, an event at the Resort called the "Mixshow Power Summit" in September 2003.

9. The entire business of Mixshow was to hold an annual urban music conference at hotels and resorts located in the Caribbean islands.

10. From 1998 to 2003, this conference was called "Mixshow Power Summit."

11. Upon information and belief, Mixshow operated as a mere instrumentality and alter ego of Defendant McLean.

12. At the conclusion of Mixshow's event in September 2003, Mixshow left an outstanding unpaid balance owed to the Resort in the amount of $151,200.61 for facilities and services provided. Mixshow failed and refused to pay the amount owed.

13. On May 18, 2004, the Resort filed suit against Defendant Mixshow in the Court of First Instance in the Commonwealth of Puerto Rico, for breach of contract ("the Puerto Rico action").

14. On June 1, 2004, Defendant The Power Summit, Inc. was formed and registered as a New York corporation by McLean.

15. In 2004 the name of the annual urban music conference at hotels and resorts

located in the Caribbean islands was changed from the "Mixshow Power Summit" to the "Power Summit."

16. Also in 2004, McLean ceased operations under the name "Mixshow Power Summit, Inc." and began the same operations under the name "The Power Summit, Inc."

17. Mixshow originally appeared in the Puerto Rico action by filing an Answer to the Complaint on December 27, 2004, but failed to participate further in the proceedings.

18. Upon motion, default was entered by the Puerto Rican court on July 21, 2005 against Mixshow, following Mixshow's failure to appear to further appear in the proceedings.

19. As part of post-judgment discovery on the judgment against Mixshow, on May 22, 2007, Plaintiff's attorney conducted a deposition of Rene McLean regarding the finances, structure and operations of Mixshow and its affiliated companies.

20. Based upon information obtained through this deposition and other sources, on September 20, 2007, Plaintiff filed this action in the U.S. District Court against Mixshow, The Power Summit, McLean, and another of McLean's companies, RPM Marketing & Promotions, Inc.

21. Copies of the summons and complaint was personally served pursuant to Fed. R. Civ. Pro. 5(b)(A)(i) on Rene McLean as an individual defendant, and as managing agent for Mixshow, The Power Summit, and RPM Marketing, on September 25, 2007. No answer or responsive pleading was ever filed by any defendant.

22. Pursuant to Fed. R. Civ. Pro. 12(a)(A), Defendants' time to answer or move with respect to the complaint expired on October 15, 2007.

23. An application for a Certificate of Default was filed on October 17, 2007, and

default was entered by the Clerk on October 18, 2007.

24. None of the defendants are infants, in the military, or an incompetent person.

25. The documents attached to Plaintiff's Motion for Entry of Default Judgment as Exhibits B, C, D and E are true and correct copies of documents kept by me in my office as part of my ordinary course of business.

**I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

EXECUTED THIS 19th DAY OF OCTOBER, 2007

_D R. T_

DAVID R. TEECE