UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RIO MAR ASSOCIATES, L.P., S.E., a Delaware Limited Partnership, d/b/a THE WESTIN RIO MAR BEACH RESORT,

       Plaintiff,

  -against-

MIXSHOW POWER SUMMIT, INC., a New York corporation; THE POWER SUMMIT, INC., a New York corporation; RPM MARKETING & PROMOTIONS, INC., a New York corporation; and RENE McLEAN, a New York resident,

       Defendants.
------------------------------------------------------------------X

Case No. 07 CV 8227 (GBD)

**MEMORANDUM OF LAW**

## INTRODUCTION

  Defendants THE POWER SUMMIT, INC., RPM MARKETING & PROMOTIONS, INC. and RENE McLEAN (hereinafter collectively "Defendants") submit this Memorandum of Law in support of the present Notice of Motion and supporting papers seeking the following relief: **(A)** Pursuant to Fed. R. Civ. Pro. 12(b)(5) and 60(b)(3), dismissing this case and vacating the default judgment that this Court has issued after false representations that Defendants have been properly served pursuant to the Federal Rules of Civil Procedure; and **(B)** such other relief that is appropriate.

## RELEVANT FACTS/PROCEDURAL HISTORY

  Kindly refer to the Agulnick Declaration and McLean Declaration for a recitation of the relevant facts of this case.

**ARGUMENT**

I.   THIS COURT SHOULD VACATE THE DEFAULT JUDGMENT AND DISMISS PLAINTIFF'S CASE BECAUSE IT FAILED TO EFFECTUATE SERVICE OF PROCESS UPON DEFENDANTS.

Service of process in diversity and federal-question cases is govern by Fed. R. Civ. Pro. 4. It is hornbook law that the rules of service must be strictly complied with. See generally, Michael Silberberg and Edward M. Spiro, Civil Practice in the Southern District of New York at § 7:6 (2006).

In fact, the requirement of compliance with service rules is so strict that even notice of a lawsuit does not remedy faulty service. Id. On this point, this Court has stated, "The law is clear . . . that notice of suit does not remedy otherwise defective service or in anyway bar dismissal of an action for insufficiency of service." Id. (quoting Durant v. Traditional Investments, Ltd., 1990 WL 33611 (SDNY 1990)).

In the case at bar, RENE McLEAN states that he was never personally served. (McLean Declaration at ¶ 2). Moreover, Plaintiff's Affidavits of Service state that a white person was served (Notice of Motion, Exhibit C). RENE McLEAN is African American. (McLean Declaration at ¶ 4). In addition, the other description of RENE McLEAN is inaccurate as well (McLean Declaration ¶ 4). Therefore, based upon Plaintiff's own Affidavits of Service, Plaintiff has failed to effectuate service of process pursuant to Fed. R. Civ. Pro. 4.

In addition, Fed. R. Civ. Pro. 60(b)(3) allows courts to vacate a default judgment based upon a "misrepresentation." In the case at bar, Plaintiff's Affidavits of Service and motion papers for a default judgment clearly contained a "misrepresentation" in that Defendants were

served. Plaintiff's process server failed to serve RENE McLEAN and, instead, served an <u>entirely different person of a different race</u> (McLean Declaration at ¶ 4).

Finally, it should be noted parenthetically that, in addition to never serving RENE McLEAN, Plaintiff's Affidavit in Support of Clerk's Certificate of Default (Notice of Motion, Exhibit B at ¶ 6) states that service was effectuated under Rule 5(b)(A)(i), which governs service of interlocutory papers, not a summons which is govern by Fed. R. Civ. Pro. 4.

## CONCLUSION

Because Plaintiff's own papers show that Plaintiff failed to effectuate service of process, this Court should vacate the Default Judgment and dismiss Plaintiff's case.

Dated: New York, New York
November 5, 2007

Respectfully submitted,

PETER M. AGULNICK, P.C.

By:_____/S/_____
    Peter M. Agulnick (PA 5030)
Attorneys for Defendants
**THE POWER SUMMIT, INC.,
RPM KARKETING & PROMOTIONS, INC.,
and RENE McLEAN**
321 Broadway, Suite 200
New York, New York 10007
(212) 571-2266

TO:    RUDNER LAW OFFICES
       **RIO MAR ASSOCIATES, L.P., S.E.,
       a Delaware Limited Partnership,
       d/b/a THE WESTIN RIO MAR BEACH RESORT,**
       Attorneys for Plaintiff
       225 Broadway, Suite 2104
       New York, New York 10007
       (212) 233-4747