UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x

RIO MAR ASSOCIATES, L.P., S.E., a
Delaware Limited Partnership, d/b/a THE WESTIN
RIO MAR BEACH RESORT,

                              Plaintiff,

                              -against-

MIXSHOW POWER SUMMIT, INC., a
New York corporation; THE POWER SUMMIT,
INC., a New York corporation; RPM MARKETING
& PROMOTIONS, INC., a New York corporation;
and RENE McLEAN, a New York resident,

                              Defendants.
_____ x

Civ. Action No. 07 CV 8227 (GBD)

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS ACTION AND VACATE DEFAULT JUDGMENT**

      Plaintiff RIO MAR ASSOCIATES, L.P., S.E., doing business as THE WESTIN RIO MAR BEACH RESORT, through its attorneys, hereby responds to Defendants' motion under Fed. R. Civ. Pro. 12(b)(5) and 60(b)(3) as follows. Plaintiff will stipulate to the vacation of the default judgment entered against the Defendants on Oct. 22, 2007, as it appears the individual served by the process server was not Rene McLean. However, Defendants clearly had notice of the suit being filed, and a 12(b)(5) motion to dismiss for insufficiency of service must be rejected, as it was not raised in a timely manner.

      I.      PLAINTIFF'S ACTION SHOULD NOT BE DISMISSED

           A.      <u>Motion to Dismiss under Rule 12 (b)(5) has been waived.</u>

      "As a general rule, federal courts will consider a Rule 12(b) motion by a party in default as untimely and therefore as having been waived." 5C Fed. Prac. & Proc. Civ. 3d §1391;

*see also I. Oliver Engebretson, Inc. v. Aruba Palm Beach Hotel & Casino*, 575 F.Supp. 1262, 1264 (S.D.N.Y. 1984).

> Thus an assertion of lack of proper jurisdiction over the person or lack of proper venue is waived if not made prior to the time when the proponent is required to appear in response to the pleading sought to be challenged, in this case within twenty days of the service of the Summonses and Complaints as provided by the rule 12(b) ...

*Totalplan Corp. of America v. Lure Camera Ltd.*, 613 F.Supp. 451, 456 (W.D.N.Y. 1985).

In this case, the process server served the summons and complaint upon an individual on September 25, 2007 who identified himself as Rene McLean, at Mr. McClean's place of business, 33 W. 19th Street, New York New York. Nowhere in Defendants' moving papers does Defendant claim that he did not ultimately receive the Summons and Complaint. Nowhere in Defendants' moving papers does Defendants' attorney claim that he did not receive the Summons and Complaint in time to file a responsive pleading.

In other words, there is no evidence before the Court that Defendants and their attorney were denied the opportunity to raise a claim of insufficiency of service of process under 12(b)(5), within the time Defendant was required to appear. Therefore, as parties in default, Defendants' motion to dismiss the complaint under Rule 12(b)(5) must be rejected as untimely and therefore waived. *See* 5C Fed. Prac. & Proc. Civ. 3d §1391; *Totalplan Corp.*, 613 F.Supp. At 456.

  B. <u>Plaintiff is acting insure Defendants' notice of suit</u>

It is clear from Defendants' moving papers that Defendant and his attorney are in receipt of and have notice of the suit filed by the Plaintiff. However, to insure that proper service is affected, Plaintiff currently is in the process of re-serving Mr. McLean directly with a Summons

and First Amended Complaint pursuant to Fed. R. Civ. Pro. 4. In addition, in an abundance of caution Plaintiff has also served a First Amended Complaint upon Defendants' attorney who has entered an appearance in this matter, pursuant to Fed. R. Civ. Pro. 5.

Upon completion of this service, Defendants will have been fully notified of the Complaint against them, and this action will be ready to proceed. Dismissing the action for insufficiency of service of process at this juncture would serve no purpose other than to unnecessarily delay proceedings, requiring re-filing of the action and re-service of the Defendants.

II. PLAINTIFF STIPULATES TO VACATION OF DEFAULT JUDGMENT

Defendant brings its motion to vacate the default judgment under Rule 60(b)(3): relief from final judgment due to "fraud (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party." Defendant insinuates (without stating outright) that Plaintiff intentionally made "false representations that Defendants have been properly served."

As it appears from the affidavit of service that the individual served by the process server was white, and therefore was not Rene McLean, Plaintiff will agree to stipulate to vacate the default judgment entered against the Defendants. However, Defendants charge of improper conduct against Plaintiff and its attorney cannot go unchallenged.

On September 25, 2007, a process server was sent to Rene McLean's place of business to effect service on Mr. McLean personally, and on three (3) companies that he operates. The process server served the Summons and Complaint on an individual at Mr. McLean's place of business who identified himself as Mr. McLean. When no Answer was received within twenty

(20) days, Plaintiff's counsel filed a Motion for Entry of Default, attaching the Affidavits of Service provided by the process server. Plaintiff's attorney relied upon the accuracy and veracity of the Affidavit of Service of the process server, as is common practice in the legal community. There was absolutely no intention on the part of the Plaintiff or Plaintiff's attorney to mislead the Court, and Plaintiff takes great offense at this insinuation raised by Defendants.

III. CONCLUSION

For the reasons stated above, Plaintiff hereby stipulates to a vacation of the judgment entered against Defendants on October 22, 2007, and respectfully requests that Defendants' motion to dismiss the Complaint under Rule 12(b)(5) be rejected.

DATED:   New York, New York
         November 14, 2007

Respectfully submitted,

RUDNER LAW OFFICES

By: _____
    David R. Teece
    (DT 5908)
    225 Broadway, Suite 3104
    New York, New York 10007
    Phone: (212) 233-4747
    Fax:   (212) 233-4848

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RIO MAR ASSOCIATES, L.P., S.E., a
Delaware Limited Partnership, d/b/a THE WESTIN
RIO MAR BEACH RESORT

            Plaintiff

     -against-

MIXSHOW POWER SUMMIT, INC., a
New York corporation; THE POWER SUMMIT,
INC., a New York corporation; RPM MARKETING
& PROMOTIONS, INC., a New York corporation;
and RENE McLEAN, a New York resident,

           Defendant.
------------------------------------------------------------x

Civ. Action No. 07 CV 8227 (GBD)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 15st day of November, 2007, I served a copy of the within Plaintiff's Response to Motion to Dismiss Action and Vacate Default Judgment via regular mail, postage prepaid, U.S. Postal Service to:

| | |
|---|---|
| Peter M. Agulnick, Esq.<br>Peter M. Agulnick, P.C.<br>321 Broadway, Suite 200<br>New York, NY 10007<br>Attorney for Defendant | United States District Court<br>United States Courthouse<br>500 Pearl Street, Room 630<br>New York, NY 10007<br>Attn: Judge George B. Daniels<br>(Courtesy Copy) |

Dated: New York, New York
       November 15, 2007

_____
David R. Teece, Esq. (DT 5908)
Rudner Law Offices
225 Broadway, Suite 3104
New York, NY 10007
Tel: (212) 233-4747
Fax: (212) 233-4848

5