UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

RIO MAR ASSOCIATES, L.P., S.E., a Delaware Limited
Partnership, d/b/a THE WESTIN RIO MAR BEACH
RESORT,

Case No. 07 CV 8227 (GBD)

                                    Plaintiff,

**NOTICE OF MOTION**

                 -against-

MIXSHOW POWER SUMMIT, INC., a New York
corporation; THE POWER SUMMIT, INC., a New York
corporation; RPM MARKETING & PROMOTIONS,
INC., a New York corporation; and RENE McLEAN, a
New York resident,

                                    Defendants.
-------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the annexed declaration of Peter M. Agulnick,

Esq., dated February 12, 2008, the annexed exhibits, the accompanying Memorandum of Law,

and upon all prior proceedings, Defendants THE POWER SUMMIT, INC., RPM

MARKETING & PROMOTIONS, INC. and RENE McLEAN will move this Court before

Hon. George B. Daniels, at the courthouse located at 500 Pearl Street, Courtroom 15D, New

York, NY 10007 on **March 31, 2008 at 9:30 AM** or as soon thereafter as counsel or pro se

parties can be heard for an Order containing the following relief:

        **(A)**    Pursuant to Fed. R. Civ. Pro. 12(b)(1), dismissing this case Plaintiff's

complaint because Plaintiff has failed to properly plead that this Court has subject-

matter jurisdiction based upon diversity of the parties within the meaning of 28 U.S.C.

§ 1332; and

        **(B)**    such other relief that is appropriate.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Rule 6.1(b), opposition papers, if any, shall be served and filed on or before March 17, 2008 and movants' reply papers, if any, shall be served and filed on or before March 27, 2008.


Dated: New York, New York
        February 12, 2008

                                    Yours, etc.,


                                    PETER M. AGULNICK, P.C.

                                    By:_____
                                            Peter M. Agulnick (PA 5030)
                                    Attorneys for Defendants
                                    **THE POWER SUMMIT, INC.,**
                                    **RPM KARKETING & PROMOTIONS, INC.,**
                                    **and RENE McLEAN**
                                    321 Broadway, Suite 200
                                    New York, New York 10007
                                    (212) 571-2266




TO:    RUDNER LAW OFFICES
       **RIO MAR ASSOCIATES, L.P., S.E.,**
        **a Delaware Limited Partnership,**
        **d/b/a THE WESTIN RIO MAR BEACH RESORT,**
       Attorneys for Plaintiff
       225 Broadway, Suite 2104
       New York, New York 10007
       (212) 233-4747

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RIO MAR ASSOCIATES, L.P., S.E., a Delaware Limited    Case No. 07 CV 8227 (GBD)
Partnership, d/b/a THE WESTIN RIO MAR BEACH
RESORT,

                                        Plaintiff,              **DECLARATION OF**
                                                               **PETER M. AGULNICK**

                    -against-


MIXSHOW POWER SUMMIT, INC., a New York
corporation; THE POWER SUMMIT, INC., a New York
corporation; RPM MARKETING & PROMOTIONS,
INC., a New York corporation; and RENE McLEAN, a
New York resident,

                                        Defendants.
------------------------------------------------------------------X

        PETER M. AGULNICK, pursuant to 28 U.S.C. §1746, states the following under penalty

of perjury:

        1.      I am a principal of the law firm of Peter M. Agulnick, P.C., counsel of record

for Defendants THE POWER SUMMIT, INC., RPM KARKETING & PROMOTIONS, and

RENE McLEAN.

        2.      I submit this declaration in support of the present motion seeking an Order

containing the following relief:

        **(A)**    Pursuant to Fed. R. Civ. Pro. 12(b)(1), dismissing Plaintiff's complaint

    because Plaintiff has failed to properly plead that this Court has subject-matter

    jurisdiction based upon diversity of the parties within the meaning of 28 U.S.C. § 1332;

    and

        **(B)**    such other relief that is appropriate.


3

3.    A copy of Plaintiff's Summons and Complaint is annexed here as **Exhibit A**.

4.    Despite that Plaintiff is a limited partnership, Plaintiff's complaint fails to plead the domiciles of any of Plaintiff's partners.

5.    As is explained in the attached memorandum of law, a limited partnership is considered a domiciliary of every state where any one of its individual partners is domiciled. Plaintiff, who has the burden of establishing diversity jurisdiction, has failed to plead the domicile of each partner thereby proving that this Court has subject matter of this case by virtue of diversity pursuant to 28 U.S.C. § 1332.

6.    Accordingly, this Court should grant the present motion in its entirety.

**WHEREFORE,** Defendants THE POWER SUMMIT, INC., RPM KARKETING & PROMOTIONS, and RENE McLEAN request that this Court issue an Order containing the following relief:

**(A)**    Pursuant to Fed. R. Civ. Pro. 12(b)(1), dismissing Plaintiff's complaint because Plaintiff has failed to properly plead that this Court has subject-matter jurisdiction based upon diversity of the parties within the meaning of 28 U.S.C. § 1332; and

**(B)**    such other relief that is appropriate.

Dated:       New York, New York
             February 12, 2008

                                        _____
                                        PETER M. AGULNICK (PA 5030)

# EXHIBIT   A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern    District of    New York

RIO MAR ASSOCIATES, L.P., S.E., a
Delaware Limited Partnership, d/b/a
THE WESTIN RIO MAR BEACH RESORT

Plaintiff
v.

MIXSHOW POWER SUMMIT, INC., a New
York corporation;THE POWER SUMMIT,
INC., a New York Corporation; RPM
MARKETING & PROMOTIONS, INC., a New
York corporation; and RENE McLEAN,
a New York resident.

Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

**'07 CIV 8227**

TO: (Name and address of Defendant)

Mixshow Power Summit, Inc.- 400 W. 43rd St., Apartment 7S, NY, NY
The Power Summit, Inc. - 33 W. 19th St., NY, NY
RPM Marketing & Promotions, Inc. - 33 W. 19th St., NY, NY
Rene McLean - 400 W. 43rd St., Apartment 7S, NY, NY

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

David R. Teece, Esq.
Rudner Law Offices
225 Broadway, Suite 3104
New York, NY 10007

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

DATE    SEP 2 0 2007

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x

RIO MAR ASSOCIATES, L.P., S.E., a
Delaware Limited Partnership, d/b/a THE WESTIN
RIO MAR BEACH RESORT,

Civ. Action No. 07 CV __8227__

#16

COMPLAINT

@ 33 W 19th ST.

Plaintiff,

-against-

MIXSHOW POWER SUMMIT, INC., a
New York corporation; THE POWER SUMMIT,
INC., a New York corporation; RPM MARKETING
& PROMOTIONS, INC., a New York corporation;
and RENE McLEAN, a New York resident,

Defendants.

————————————————————— x

Plaintiff RIO MAR ASSOCIATES, L.P., S.E., doing business as THE WESTIN

RIO MAR BEACH RESORT, through its attorneys, alleges as follows:

JURISDICTION

1.      Plaintiff RIO MAR ASSOCIATES, L.P., S.E., doing business as THE WESTIN

RIO MAR BEACH RESORT ("the Resort"), is a Delaware limited partnership in the business of

operating a conference resort in Rio Mar, Puerto Rico.

2.      Upon information and belief, Defendant MIXSHOW POWER SUMMIT, INC.

("Mixshow") is a New York corporation, with its principal place of business at 400 W. 43rd Street,

Apartment 7S, in New York, New York.

3.      Defendant THE POWER SUMMIT, INC. ("The Power Summit") is a New York

corporation, with its former principal place of business at 665 Broadway, Suite 801, in New York,

New York, and its current principal place of business at 33 W. 19th Street, in New York, New

York.

4.      Defendant RPM MARKETING AND PROMOTIONS, INC. ("RPM") is a New York corporation, with its former principal place of business at 665 Broadway, Suite 801, in New York, New York, and its current principal place of business at 33 W. 19th Street, in New York, New York.

5.      Defendant RENE MCLEAN ("McLean") is a New York resident, residing at 400 W. 43rd Street, Apartment 7S, in New York, New York.

6.      Personal jurisdiction is proper in the Southern District of New York because all Defendants are residents of the city of New York and the state of New York.

7.      The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, and Plaintiff and defendants are citizens of different states.

8.      Subject matter jurisdiction is proper in the U.S. District Court, because district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. §1332.

## VENUE

9.      Venue is proper in the Southern District of New York, because the Southern District of New York is the district in which all Defendants reside, and all Defendants reside in the same state.  28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

10.    Upon information and belief, in 1998, Defendants Mixshow, McLean and/or RPM began holding an annual urban music conference at hotels and resorts located in the Caribbean islands.

11.    Defendant McLean is the sole officer, employee, and owner of Defendant Mixshow.

12.    In June 2002, Mixshow and the Resort entered into a contract signed by Defendant McLean, under which Mixshow, McLean, and/or RPM agreed to hold, and subsequently did hold, an event at the Resort called the "Mixshow Power Summit" in September 2003.

13.    The entire business of Mixshow was to hold an annual urban music conference at hotels and resorts located in the Caribbean islands. From 1998 to 2003, this conference was called "Mixshow Power Summit."

14.    Upon information and belief, Mixshow operated as a mere instrumentality and alter ego of Defendants McLean and/or RPM.

15.    At the conclusion of Mixshow's event in September 2003, Mixshow left an outstanding unpaid balance to the Resort in the amount of $151,200.61 for facilities and services provided. Mixshow failed and refused to pay the amount owed.

16.    On May 18, 2004, the Resort filed suit against Defendant Mixshow in the Court of First Instance in the Commonwealth of Puerto Rico, for breach of contract.

17.    On June 1, 2004, Defendant THE POWER SUMMIT, INC. was formed and registered as a New York corporation by Defendant McLean.

18.    Upon information and belief, in 2004 the name of the annual urban music conference at hotels and resorts located in the Caribbean islands was changed from the "Mixshow Power

3

Summit" to the "Power Summit."

19.    Upon information and belief, in 2004 Defendants McLean and/or RPM ceased operations under the name "Mixshow Power Summit, Inc." and began the same operations under the name "The Power Summit, Inc."

20.    In the alternative, in 2004 Mixshow Power Summit, Inc. ceased operations and transferred the entire business of Mixshow to Defendant The Power Summit, Inc., without fair consideration and with actual intent to hinder, delay, and/or defraud its creditors.

21.    Mixshow originally appeared in the Puerto Rico action by filing an Answer to the Complaint on December 27, 2004, but failed to participate further in the proceedings.

22.    Upon motion, default was entered by the Puerto Rican court on July 21, 2005 against Mixshow, following Mixshow's failure to appear to further appear in the proceedings.

23.    On October 25, 2005, a judgment was entered in Case No. KAC2004-3295 in the Puerto Rican court in favor of the Resort and against Mixshow in the total amount of $167,868.36 ($151,200.61 in principal + $16,667.75 in attorneys fees), plus interest at the rate of seven percent (7%) per annum running from October 28, 2003.

24.    On July 13, 2006, a duly authenticated copy of the Puerto Rican judgment in favor of the Resort and against Mixshow was filed in the Office of the Clerk of New York County, New York, pursuant to the provisions of C.P.L.R. §5402.

25.    Despite demand for payment, the Puerto Rican judgment remains wholly unsatisfied.

26.    The annual urban music conference at hotels and resorts located in the Caribbean islands now called the "Power Summit" continues to operate.  The website owned and operated by Defendant Power Summit, www.thepowersummit.com, advertises "the 10th annual Power Summit"

to be held in the Dominican Republic October 10-14, 2007.

## FOR A FIRST CLAIM AGAINST DEFENDANT
### THE POWER SUMMIT, INC.
(Successor Liability)

27.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

28.    Upon information and belief, Defendant Mixshow in 2004 ceased operations and transferred its entire business to Defendant The Power Summit, without consideration and with actual intent to hinder, delay, and/or defraud its creditors.

29.    Upon information and belief, the sole business of Defendant The Power Summit is a mere continuation of the sole business of Defendant Mixshow – the hosting of an annual urban music conference at hotels and resorts located in the Carribean Islands.

30.    In the alternative, upon information and belief Defendants Mixshow and The Power Summit engaged in a de facto merger of operations subsequent to Mixshow's accrual of debt to the Resort.

31.    Defendant McLean is the sole officer, employee, and owner of Defendant Mixshow, and is the principal owner and officer of Defendant The Power Summit.

32.    Because the business of Defendant The Power Summit is mere continuation of the business of Mixshow, and/or because Mixshow and The Power Summit engaged in a de facto merger, Defendant The Power Summit has incurred successor liability for the judgment against Mixshow Power Summit, Inc.

WHEREFORE, Plaintiff requests the following relief:

5

a. That the Court enter judgment against Defendant The Power Summit, Inc. for the amount of the judgment entered against Defendant Mixshow under Index No. 06/109748, in the principal sum of $167,868.36, plus interest at seven percent (7%) per annum from October 28, 2003 until paid in full;

b. That the Court void any transfers from Defendant Mixshow to Defendant The Power Summit and allow Plaintiff to execute its judgment against Defendant Mixshow on any and all assets that were transferred from Mixshow to The Power Summit, including any assets obtained as a result of the fraudulent transactions; and

c. For such other further relief that the Court deems just and proper.

## FOR A SECOND CLAIM AGAINST DEFENDANT RENE MCLEAN and RPM MARKETING & PROMOTIONS, INC.
### (Piercing the Corporate Veil)

33. Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

34. Defendant McLean is the sole officer, employee, owner, and/or shareholder of Defendant Mixshow.

35. The "offices" and "business address" of Defendant Mixshow are the apartment of Defendant McLean, 400 W. 43rd Street, Suite 7S, New York, New York.

36. Upon information and belief, Defendant Mixshow was grossly undercapitalized at its inception, and its assets were unreasonably small in proportion to its obligations.

37. Upon information and belief, Defendant Mixshow observed no corporate formalities and paid no dividends.

38. Upon information and belief, Defendant Mixshow has failed to file any tax returns for

the years 2002 to the present.

39.    Upon information and belief, Defendant McLean treated the assets of Defendant as if they were their own.

40.    Defendant Mixshow was so dominated by Defendant McLean, and the separate entity of Defendant Mixshow was so ignored, that Defendant Mixshow primarily transacted the business of Defendant McLean instead of its own, and therefore is a mere instrumentality and alter ego of Defendant McLean.

41.    In the alternative, the sole business of Defendant Mixshow – the annual urban music conference at hotels and resorts located in the Caribbean islands – was and continues to be conducted by Defendant RPM, and therefore Defendant Mixshow is a mere instrumentality and alter ego of Defendant RPM.

42.    As a matter of equity, Plaintiff is entitled to pierce the corporate veil of Defendant Mixshow, and reach the assets of Defendants McLean and/or RPM to satisfy its judgment obtained against judgment debtor Mixshow.

WHEREFORE, Plaintiff requests the following relief:

a.    That the Court enter judgment against Defendant Rene McLean for the amount of the judgment entered against Defendant Mixshow under Index No. 06/109748, in the principal sum of $167,868.36, plus interest at seven percent (7%) per annum from October 28, 2003 until paid in full;

b.    In the alternative, that the Court enter judgment against Defendant RPM Marketing & Promotions, Inc. for the amount of the judgment entered against Defendant Mixshow under Index No. 06/109748, in the principal sum of $167,868.36, plus

interest at seven percent (7%) per annum from October 28, 2003 until paid in full;

and

c.      For such other further relief that the Court deems just and proper.


### FOR A THIRD CLAIM AGAINST DEFENDANTS
### MIXSHOW POWER SUMMIT, INC., THE POWER SUMMIT, INC., AND RENE MCLEAN
(Fraudulent transfer under NY DCL §273)

43.     Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

44.     Upon information and belief, Defendant Mixshow in 2004 ceased operations and transferred its entire business to Defendant The Power Summit, without fair consideration.

45.     Defendant McLean is the sole officer, employee, and/or owner of Defendant Mixshow, and is the principal owner and officer of Defendant The Power Summit.

46.     Upon information and belief, before Defendant Mixshow ceased operations in 2004, Defendants McLean and Mixshow transferred its customer list and other assets to Defendant The Power Summit without fair consideration.

47.     Upon information and belief, Defendants McLean and Mixshow transferred the website, www.mixshowpowersummit.com to Defendant The Power Summit without fair consideration.

48.     Upon information and belief, Defendant Mixshow was insolvent at the time of these transfers, or in the alternative, was rendered insolvent by these transfers, because the present fair salable value of its assets was less than the amount it was required to pay on existing debts.

WHEREFORE, Plaintiff requests the following relief under New York D.C.L. §273:

8

a.   That the Court void any and all transfers from Defendant Mixshow to Defendant The
     Power Summit as fraudulent;

b.   That the Court allow Plaintiff to execute its judgment against Mixshow on any and all
     assets that were transferred from Mixshow to Defendants The Power Summit and/or
     Rene McLean, including any assets obtained as a result of the fraudulent transactions;
     and

c.   For such other further relief as the Court may deem just and proper.

## FOR A FOURTH CLAIM AGAINST DEFENDANTS
## MIXSHOW POWER SUMMIT, INC., THE POWER SUMMIT, INC., AND RENE MCLEAN
### (Fraudulent transfer under NY DCL §273-a)

49.   Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

50.   Upon information and belief, Defendant Mixshow in 2004 ceased operations and
transferred its entire business to Defendant The Power Summit, without fair consideration.

51.   Defendant McLean is the sole officer, employee, and/or owner of Defendant Mixshow,
and is the principal owner and officer of Defendant The Power Summit.

52.   Upon information and belief, before Defendant Mixshow ceased operations in 2004,
Defendants McLean and Mixshow transferred its customer list and other assets to Defendant The
Power Summit without fair consideration.

53.   Upon information and belief, Defendants McLean and Mixshow transferred the
website, www.mixshowpowersummit.com to Defendant The Power Summit without fair
consideration.

9

54.    At the time of these transfers, Defendant Mixshow was a defendant in an action for money damages, filed by Plaintiff on May 18, 2004.

WHEREFORE, Plaintiff requests the following relief under New York D.C.L. §273-a:

a.    That the Court void any and all transfers from Defendant Mixshow to Defendant The Power Summit as fraudulent;

b.    That the Court allow Plaintiff to execute its judgment against Mixshow on any and all assets that were transferred from Mixshow to Defendants The Power Summit and/or Rene McLean, including any assets obtained as a result of the fraudulent transactions; and

c.    For such other further relief as the Court may deem just and proper.

## FOR A FIFTH CLAIM AGAINST DEFENDANTS
## MIXSHOW POWER SUMMIT, INC., THE POWER SUMMIT, INC., AND RENE MCLEAN
(Fraudulent transfer under NY DCL §275)

55.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

56.    Upon information and belief, Defendant Mixshow in 2004 ceased operations and transferred its entire business to Defendant The Power Summit, without fair consideration.

57.    Defendant McLean is the sole officer, employee, and/or owner of Defendant Mixshow, and is the principal owner and officer of Defendant The Power Summit.

58.    Upon information and belief, before Defendant Mixshow ceased operations in 2004, Defendants McLean and Mixshow transferred its customer list and other assets to Defendant The Power Summit without fair consideration.

59.    Upon information and belief, Defendants McLean and Mixshow transferred the

10

website, www.mixshowpowersummit.com to Defendant The Power Summit without fair consideration.

60.    Upon information and belief, at the time of these transfers Defendants Mixshow and McLean believed and/or intended that it would incur debts beyond its ability to pay as the debts mature.

WHEREFORE, Plaintiff requests the following relief under New York D.C.L. §275:

a.    That the Court void any and all transfers from Defendant Mixshow to Defendant The Power Summit as fraudulent;

b.    That the Court allow Plaintiff to execute its judgment against Mixshow on any and all assets that were transferred from Mixshow to Defendants The Power Summit and/or Rene McLean, including any assets obtained as a result of the fraudulent transactions; and

c.    For such other further relief as the Court may deem just and proper.

## FOR A SIXTH CLAIM AGAINST DEFENDANTS
## SCIOPTIC, INC., SCIOPTIC INTERNATIONAL, LLC, AND DAVID AMAR
(Fraudulent transfer under NY DCL §276)

61.    Plaintiff repeats and realleges the allegations contained in the previous paragraphs.

62.    Upon information and belief, Defendant Mixshow in 2004 ceased operations and transferred its entire business to Defendant The Power Summit with actual intent to hinder, delay, and/or defraud its present and future creditors.

63.    Defendant McLean is the sole officer, employee, and/or owner of Defendant Mixshow, and is the principal owner and officer of Defendant The Power Summit.

11

DATED:     New York, New York
           August 29, 2007

Respectfully submitted,

RUDNER LAW OFFICES

By: _____

           David R. Teece
           (DT 5908)
           225 Broadway, Suite 3104
           New York, New York 10007
           Phone: (212) 233-4747
           Fax:     (212) 233-4848

13