UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RIO MAR ASSOCIATES, L.P., S.E., a Delaware Limited      Case No. 07 CV 8227 (GBD)
Partnership, d/b/a THE WESTIN RIO MAR BEACH
RESORT,

                              Plaintiff,      **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

                          -against-

MIXSHOW POWER SUMMIT, INC., a New York
corporation; THE POWER SUMMIT, INC., a New York
corporation; RPM MARKETING & PROMOTIONS,
INC., a New York corporation; and RENE McLEAN, a
New York resident,

                             Defendants.
------------------------------------------------------------------X

## INTRODUCTION

Defendants THE POWER SUMMIT, INC., RPM MARKETING & PROMOTIONS, INC., and RENE McLEAN submit this memorandum of law in support of the present motion (Notice of Motion, dated February 12, 2008, and supporting papers) seeking the dismissal of Plaintiff's complaint, pursuant to Fed. R. Civ. Pro. 12(b)(1), because Plaintiff's complaint fails to properly plead that this Court has diversity jurisdiction within the meaning of 28 U.S.C. § 1332.

## ARGUMENT

**PLAINTIFF HAS FAILED ITS BURDEN IN PROVING THAT THIS COURT HAS SUBJECT-MATTER JURISDICTION BASED UPON DIVERSITY OF ADVERSE PARTIES, PURSUANT TO 28 U.S.C. § 1332.**

28 U.S.C. §1332 confers diversity jurisdiction upon federal courts <u>only</u> where there is complete diversity in citizenship of adverse parties-- that is, the "citizenship of each plaintiff must be different from citizenship of each defendant." <u>United National Insur. Co. v. Waterfront N.Y. Realty Corp.</u>, 907 F. Supp. 663, 666 (S.D.N.Y 1995). Moreover, "[t]he party

seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir 1998) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

In the case at bar, Plaintiff, a limited partnership, has utterly failed this burden. A limited partnership, for diversity purposes, carries the citizenship of the states where each of its general and limited partners is domiciled. See Carden v. Arkoma Assoc., 494 U.S.185, 192-95, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); Minard v. Pareto Partners, 2005 WL 2206783 at *2 (S.D.N.Y. 2004). Thus, it is necessary for Plaintiff to plead the domicile of each and every general and limited partner of Plaintiff. See id. However, Plaintiff has failed to do so requiring this Court to dismiss Plaintiff's case for lack of subject-matter jurisdiction.

## CONCLUSION

Because Plaintiff failed its burden of pleading complete diversity of all adverse parties, this Court should, pursuant to Fed. R. Civ. Pro. 12(b)(1), dismiss Plaintiff's complaint for lack of subject-matter jurisdiction.

Dated:   New York, New York
         February 12, 2008

                                             Respectfully submitted,

                                             PETER M. AGULNICK, P.C.

                                             By: _____
                                                      Peter M. Agulnick (PA 5030)
                                             Attorneys for Defendants
                                             **THE POWER SUMMIT, INC.,**
                                             **RPM MARKETING & PROMOTIONS, INC.,**
                                             **and RENE McLEAN**
                                             321 Broadway, Suite 200
                                             New York, New York 10007
                                             (212) 571-2266

TO:     RUDNER LAW OFFICES
Attorneys for Plaintiff
**RIO MAR ASSOCIATES, L.P., S.E.,**
**a Delaware Limited Partnership,**
**d/b/a THE WESTIN RIO MAR BEACH RESORT,**
225 Broadway, Suite 2104
New York, New York 10007
(212) 233-4747